Abraham J. Gellinoff, J.
In this article 78 CPLR proceeding, petitioner, having been fined $25 for a parking violation, seeks to overturn the determination of the Parking Violations Bureau on the ground that the hearing procedure violated his constitutional rights. Respondent cross-moves to dismiss the petition, claiming that the issue is moot, since respondent has offered to vacate the determination and repay the fine.
After petitioner was ordered to pay the fine, he appealed and requested a transcript of the hearing record. On July 191, 1971, respondent’s Appeals Board unanimously affirmed the hearing examiner’s decision. However, several months after this proceeding was instituted, an Assistant Corporation Counsel informed petitioner that the Appeals Board “ intends to rescind and reverse its determination,” and refund the fine. The sole ground for the Appeals Board’s decision to reverse its prior determination was the failure of respondent’s administrative personnel to supply petitioner with a copy of the transcript of his hearing, as required by its regulations. Petitioner, however, finally was able to obtain the transcript, a copy of which is attached to the papers.
Since respondent’s hearing procedure concerns the public interest, the court ought not avoid a ruling merely because respondent has offered to return the fine while at the same time insisting on the correctness .of its procedure. Especially is this so where, as here, its failure to supply the transcript — the sole ground for its offer to refund the fine — was easily rectified. Accordingly, the cross motion to dismiss the proceeding as moot is denied, and the court turns to the merits of petitioner’s claim.
At the hearing, upon his plea of not guilty, petitioner was requested by the hearing examiner to take the witness ’ oath and testify. Petitioner objected that no prima facie case had been established. When informed that, under the Administrative Code of the City of New York (§ 883a-1.0 et seq.) and the regulations promulgated thereunder, the summons itself was sufficient to .establish a prima facie case, petitioner requested ‘1 the production of the police officer to substantiate the charge.” *913 This request was correctly denied by the hearing examiner, since, at that stage of the hearing there was no evidence to rebut the 1 ‘ prima facie evidence of the statements contained ’ ’ in the “Notice of Violation” (Regulations of Parking Violations Bureau, § 6.06 [d]; Matter of Raphael, N. Y. L. J., Jan. 10, 1972, p. 2, col. 4 ‘[Sup. Ct., N. Y. County]). Thereupon while “ reserving my rights to proceed with that objection as a matter of record,” petitioner agreed to testify.
The hearing examiner informed petitioner that he was charged with having his parked car in a school area ‘ ‘ where you weren’t supposed to park between 7 and 4 and you were there at 10 something a.m.” Whereupon petitioner testified that the location bore signs ‘ £ saying no parking on Tuesdays and Fridays between the hours of 11 and 2 p.m. There are no signs in respect to no parking between 7 and 4 a.m. [sic] on that side.” He further testified that his was the only parked car on the street not owned by a police officer, and that he was the only one given a summons.
The hearing examiner then said that a violation by others was no defense, and told petitioner that if he could ‘1 submit evidence ’ ’ — i.e.,1 £ if you had pictures on that block ’ ’ — the hearing examiner “would certainly take that into consideration.”
Notwithstanding petitioner’s earlier request “ for the production of the police officer to substantiate the charge,” and notwithstanding his protestation that the “ summons ” was being “held in high[er] esteem than sworn testimony,” petitioner was found guilty. The hearing examiner told petitioner, 1 ‘ you can certainly have him [the officer] if you want him at your appeal”; but respondent’s regulations prohibit the Appeals Board from considering “ any evidence which was not presented to the hearing examiner” (Regulations of Parking Violations Bureau, § 9.01). Subsequently, the Appeals Board unanimously affirmed the hearing examiner’s determination “ based upon the record.”
“ Based upon the record,” petitioner’s guilt was not proved. Section 6.05 of respondent’s regulations provides: “No charge may be established except upon proof by a preponderance of the credible evidence.” The summons issued to petitioner, charging him with parking illegally in an area where parking is prohibited from 7:00 a.m. to 4:00 p.m. on school days, was, under respondent’s regulations, sufficient to establish a prima facie case. But the establishment of a prima facie case does not create a presumption of guilt; it merely shifts to the defendant the burden of going forward with evidence. Here, the petitioner did go forward with evidence — his own sworn testimony. His testimony, patently not incredible, created a bona fide issue of *914 fact as to whether the signs prohibited parking on school days between 7:00 a.m. and 4:00 p.m., or, as petitioner swore, only on Tuesdays and Fridays between 11:00 a.m. and 2:00 p.m. The prima facie case, evidenced merely by the naked summons, could not, without more, preponderate over the sworn refutation by petitioner. Since respondent produced no additional evidence, it failed to sustain, as a matter of law, its burden of proving by a ‘‘ preponderance of the credible evidence,” as the regulations require, that petitioner had in fact violated a parking regulation.
The court recognizes the salutary purpose of the rule permitting a finding of guilt without the presence of the officer who issued the notice of violation. One of the major reasons for the creation of the Parking Violations Bureau was to save judicial and police time otherwise spent in these minor traffic proceedings. The Administrative Code and the regulations, therefore, leave to the discretion of the hearing officer whether to require the presence of the officer who issued the notice (Administrative Code of City of New York, § 883a-6.0, subd. b, par. 4); Regulations of Parking Violations Bureau, § 6.08).
In the case at bar, the hearing examiner, having in his discretion not called the officer, it was error for him, in view of petitioner’s sworn refutation, to find petitioner’s guilt established by a preponderance of the evidence. It was further error for the Appeals Board to affirm ‘ ‘ based upon the record. ’ ’ For, in this case, upon this record, the evidence was insufficient as a matter of law to support those determinations. The petition is accordingly granted; respondent’s determination is annulled, the fine ordered remitted, and the complaint dismissed.