In the Matter of MICHAEL S. GRUEN, Individually and on Behalf of All Others Similarly Situated, Appellant, v PARKING VIOLATIONS BUREAU OF THE CITY OF NEW YORK et al., Respondents.

First Department, June 9, 1977

*Stuart Hecker (Michael S. Gruen, pro se,* with him on the brief), attorney for appellant.

*L. Kevin Sheridan* of counsel *(W. Bernard Richland, Corporation Counsel),* for respondents.

CAPOZZOLI J. While this article 78 proceeding, by which petitioner challenges the propriety of the procedures utilized by the Parking Violations Bureau of the City of New York (PVB) may not properly be brought as a class action, we are of the view that petitioner is entitled to much of the relief which he seeks as an individual.

The relevant facts seem to be undisputed. Petitioner, an attorney, received a notice of violation for illegal parking, to which he pleaded "not guilty". Following a hearing he was found "guilty" and fined $15, which sum he paid. At that hearing petitioner objected to the introduction of the notice of violation as the sole evidence against him, which objection was overruled and his motion to dismiss the charge against him was denied. He then testified under oath that he was parked in a legal parking space and not in a no parking zone as charged. He was found guilty on the basis of the above.

Neither the prolonged and complicated administrative proceedings which followed nor the "tremendous" volume of matters handled by the PVB justifies or legalizes the wholly improper procedure utilized by that body in adjudicating guilt in matters such as this.

PVB proceedings are civil in nature. Section 883a-6.0 (subd b, par 2) of the Administrative Code of the City of New York provides that: "No charge may be established except upon proof by a preponderance of the evidence."

Irrespective of this clear statutory requirement the "Manual for Adjudication" distributed by the PVB to its hearing examiners, pursuant to which hearings are conducted, provides as

follows: 3.7 Burden of Proof and Quantity of Evidence to Meet it. The regulations state that the charge must be established by "substantial credible evidence." (Rules and Regulations of the Parking Violations Bureau, § 6.05.) But they also state that the summons (properly completed) is "prima facie evidence of the statements contained therein" *(id.,* § 6.60 [d]). What this means is that a properly completed and signed summons states a prima facie case by itself. Then once the summons is determined to be properly completed and signed (and a prima facie case is made), the burden of producing evidence shifts to the respondent. In effect, then, *the burden of proof is on respondent.* This is obviously incorrect and contrary to the above-cited section of the Administrative Code. We note that the respondents concede that following the procedure set forth in the manual "would place an improper burden of persuasion on the respondent [petitioner] in such proceedings".

As was stated in *Matter of Heisler v Atlas* (69 Misc 2d 911, 913-914): "The summons issued to petitioner, charging him with parking illegally * * * was, under respondent's regulations, sufficient to establish a prima facie case. But the establishment of a prima facie case does not create a presumption of guilt; it merely shifts to the defendant the burden of going forward with evidence. Here, the petitioner did go forward with evidence—his own sworn testimony. His testimony, patently not incredible, created a bona fide issue of fact * * *. The prima facie case, evidenced merely by the naked summons, could not, without more, preponderate over the sworn refutation by petitioner. Since respondent produced no additional evidence, it failed to sustain, as a matter of law, its burden of proving by a 'preponderance of the credible evidence,' as the regulations require, that petitioner had in fact violated a parking regulation."

Special Term, without passing upon the meritorious nature of petitioner's challenge to the quoted provision of the manual, dismissed the petition on the ground that petitioner had failed to exhaust his administrative remedies in that, while petitioner filed an appeal to the PVB Appeals Board, he commenced this article 78 proceeding before he received a notice of hearing on his appeal. We cannot agree. After filing his appeal, no transcript was delivered to petitioner until approximately three months after demand was made therefor,

and even though petitioner requested the right to appear, respondent, contrary to subdivision d of section 883a-8.0 of the Administrative Code, failed "[w]ithin ten days * * * [to] advise the appellant * * * of the date on which he shall appear [for his appeal]." Certainly petitioner should not be compelled to pay homage to or exhaust administrative provisions which are so cavalierly disregarded by the administrative body itself. Petitioner had no alternative but to institute this proceeding. It was only after petitioner instituted this proceeding that respondent finally scheduled an appeal. That appeal resulted in the determination of the hearing officer being affirmed by the Appeals Board prior to the time of the dismissal of this proceeding by Special Term—which followed less than a week later. On such a record we are loathe to find that petitioner had failed to exhaust his administrative remedies.

We have examined the diverse other contentions raised by both sides and find them to be without merit.

The judgment appealed from should be reversed on the law, the motion for leave to renew granted and the petition granted to the extent of annulling the determination of the Appeals Board, dated November 24, 1976, directing that the fine be remitted, dismissing the summons and directing respondent to revise its manual consistent herewith and with the provisions of the Administrative Code, with costs and disbursements. Petitioner's request for counsel fees is denied.

KUPFERMAN, J. P., LUPIANO and BIRNS, JJ., concur.

Judgment, Supreme Court, New York County, entered on January 10, 1977, unanimously reversed, on the law, and vacated, the motion for leave to renew granted and the petition granted to the extent of annulling the determination of the Appeals Board, dated November 24, 1976, directing that the fine be remitted, dismissing the summons and directing respondent to revise its manual consistent with the opinion of this court filed herein and with the provisions of the Administrative Code. Petitioner-appellant shall recover of respondents-respondents $60 costs and disbursements of this appeal. Petitioner's request for counsel fees is denied.