■ MARTIN L. FINKELMAN, Respondent, v TRANSPORTATION ADMINISTRATION PARKING VIOLATIONS BUREAU OF THE CITY OF NEW YORK et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Parking Violations Bureau Appeals Board of the City of New York which affirmed a decision of a hearing officer to deny petitioner's motion to vacate 86 default judgments against him in the sum of $3,855, the appeal is from a judgment of the Supreme Court, Kings County, dated March 6, 1978, which (a) granted the petition, (b) annulled the determination of the appeals board, and (c) directed that all late penalties paid by petitioner in excess of the original fines as set forth on the face of the summonses be refunded to him. Judgment modified, on the law, by deleting therefrom the third decretal paragraph thereof. As so modified, judgment affirmed, without costs or disbursements, and the matter is remitted to the Parking Violations Bureau Appeals Board for a *de novo* review consistent with the procedures set forth in section 883a-8.0 of the Administrative Code of the City of New York, with the review to include specific findings as to (1) whether the hearing officer erred in taking "judicial notice of the practice of the Parking Violations Bureau to send late notices on all summonses" to petitioner, and dispensing with the need for independent proof of mailing;

and (2) whether reliance on this presumption of mailing impermissibly shifted the burden of proof to petitioner, thus rendering the hearing officer's decision void, as a matter of law. Petitioner, Dr. Martin L. Finkelman, leased an automobile, which between April, 1972 and November, 1973 received a total of 86 summonses. He never responded to what was alleged to be some 258 notices sent by the appellant Parking Violations Bureau. Consequently, the bureau entered 86 separate default judgments against him which, with penalties added for nonpayment, amounted to a total of $3,855 (see Administrative Code, § 883a-7.0, subd b). In an attempt to enforce the judgments a restraining order was placed on petitioner's bank account, whereupon the petitioner moved to vacate the default judgments. A hearing was held on March 17, 1977, at which time the petitioner alleged he had never personally received any of the summonses because his fiancée had been the only one driving the vehicle. Although acknowledging liability for the amount of the original fines as set forth on the face of the summonses, petitioner claimed that he never received notice of the impending default judgments and hence was not liable for the additional penalties (see Administrative Code, § 883a-7.0, subd b). The hearing officer found petitioner's testimony inherently incredible and, although none of the notices were sent by certified mail, deemed that the notices were proven to have been sent based upon a presumption that the Parking Violations Bureau would mail notices of summonses in the ordinary course of its business. Specifically, the hearing officer took "judicial notice of the practice of the Parking Violations Bureau to send late notices on all summonses" and thus dispensed with the need for independent proof of mailing. Petitioner appealed to the Parking Violations Bureau Appeals Board (see Administrative Code, § 883a-8.0). The appeals board held a *de novo* hearing instead of merely reviewing the transcript for errors of factual findings or law. It affirmed the decision of the hearing officer and, in effect, declared that petitioner had failed to demonstrate the excusable neglect necessary to vacate default judgments. Petitioner then commenced the instant CPLR article 78 proceeding, alleging, *inter alia,* that the appeals board's determination was arbitrary, capricious and made in violation of lawful procedure. Special Term (1) essentially agreed with petitioner, holding that the relevant ordinance under which the appeals board was established and derives its lawful authority (see Administrative Code, § 883a-8.0) specifically proscribes the kind of action taken in this case, i.e., a *de novo* hearing without review of the initial hearing; and (2) decided the appeal in favor of the petitioner on the merits. According to Special Term, the hearing officer deprived the petitioner of procedural due process in taking "judicial notice" of the mailing practices of the Parking Violations Bureau to establish proof of notice. This was true because, absent any physical proof of mailing notices to the petitioner there existed no evidence to rebut petitioner's testimony of nonreceipt of notice. In effect, Special Term believed that the hearing officer's decision, based on the tenuous "presumption" of mailing, was void because it resulted from an impermissible shifting of the burden of proof to the petitioner on this issue (citing, *inter alia, Matter of Gruen v Parking Violations Bur. of City of N. Y.,* 58 AD2d 48, 50). Consequently, Special Term granted the petition, annulled the appeals board's determination affirming the hearing officer's decision and directed that so much of the $3,855 as represents late penalties above the amount of fines as set forth on the face of the summonses be refunded to the petitioner. We agree with Special Term insofar as it annulled the determination of the appeals board predicated on the board's acting in excess of its authority. The section delegating authority to the

appeals board (Administrative Code, § 883a-8.0, subd b) states that "the appeals board * * * shall have power to review the facts and the law, *but shall not consider any evidence which was not presented to the hearing officer"* (emphasis supplied). This unequivocally evinces an intent to forbid a *de novo* hearing by the appeals board and clearly limits its function to a review of the initial hearing to look for factual or legal errors. In the case at bar, there can be no dispute that the appeals board engaged in the proscribed activity, which renders its determination void as illegal *ab initio.* Such a hearing, with substantial testimony taken, cannot be sustained as mere "oral argument" of the motion. To this extent we agree with Special Term. However, insofar as Special Term decided the merits of the appeal, modification is necessary. The matter must be remanded to the appeals board for an appropriate review consistent with section 883a-8.0 of the Administrative Code. It is a fundamental principle of law that if an administrative agency acts in violation of its lawful procedure, a reviewing court is constrained only to illuminate the proper procedure to follow. The court is "powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis" *(Securities Comm. v Chenery Corp.,* 332 US 194, 196; accord *Matter of Montauk Improvement v Proccacino,* 41 NY2d 913, 914; *Matter of Barry v O'Connell,* 303 NY 46, 50-51). Accordingly, Special Term cannot properly examine the merits of an issue until the administrative agency has made a determination pursuant to lawful means. Upon the appeals board's *de novo* review of the matter, it should address itself to the practices found by Special Term to be objectionable and illegal: (1) whether the hearing officer erred in taking "judicial notice of the practice of the Parking Violations Bureau to send late notices on all summonses" to petitioner, and dispensing with the need for independent proof of mailing; and (2) whether reliance on this presumption of mailing impermissibly shifted the burden of proof to petitioner, thus rendering the hearing officer's determination void as a matter of law (see *Matter of Gruen v Parking Violations Bur. of City of N.Y.,* 58 AD2d 48, 50, *supra;* see, also, *Finger Lakes Racing Assn. v New York State Racing & Wagering Bd.,* 45 NY2d 471, 480). Titone, J. P., O'Connor, Martuscello and Mangano, JJ., concur.