OPINION OF THE COURT
Edward H. Lehner, J.
Petitioners bring this article 78 proceeding to vacate respondent’s determination of liability with respect to eight parking summonses which the petitioners allege fail to specify the date of expiration of registration.
Section 238 of the Vehicle and Traffic Law states that the expiration date of the vehicle’s registration plate is to be set forth in the notice of violation.
Petitioner argues that the failure to include such information on the summonses requires their dismissal.
Although the appeal board’s decision being reviewed in this proceeding concluded that the language of said section was directory and not mandatory, in its briefs respondent does not seek judicial support for the position. Rather, it argues that the fact that six of the summonses had lines drawn through the place thereon where the expiration date was to be inserted establishes that the issuing officers found it impossible to obtain such information. The problem with such position is that there is no proof in the record to sustain it. Normally, police officers do not attend parking violation bureau hearings as said section 238 makes the summons “prima facie evidence of the facts contained therein”. (See Matter of Gruen v Parking Violations Bur. of City of N. Y., 58 AD2d 48.) Without any indication on the *780 summons that the expiration date was unavailable, such as is contained on Summons No. 147901957, proof is lacking to support respondent’s contention. There is no presumption in law that failure to provide required information means that it was impossible to obtain same.
There are very good and valid reasons for requiring that the expiration date be set forth on the summons. Although most New York State residents have the same registration number from year to year with the result that the expiration date of the registration would be unnecessary to identify the owner of the vehicle, many New Yorkers, including public officials, such as Judges and legislators, are issued a different number every year. Without inclusion of the expiration date, a summons issued in January or December when old and new plates are in use would not properly identify the vehicle, with the result that defaulted summons may cause judgments to be entered against persons whose vehicles were not involved in a violation. Further, the registration numbers of out-of-State motorists may also vary from year to year.
Thus, the court finds that information pertaining to the expiration date is required if available. Since here there is no proof of unavailability, the determination with respect to the six summonses on which two lines were drawn through the space where the expiration date was to be inserted are annulled.
As to Summons No. 147901957, which states that the vehicle had no registration sticker and Summons No. 042988481, which did contain an expiration date, the determination is upheld.