OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the order of Supreme Court reinstated.
 

 Appellant instituted this proceeding under CPLR article 78 to challenge the determination of the Parking Violations Bureau Appeals Board of the Transportation Administration of the City of New York which upheld the validity of six notices of violation (summonses) issued to appellant for parking violations. The notices were served pursuant to the provisions of subdivision 2 of section 238 of the Vehicle and Traffic Law which provides: “2. A notice of violation shall be served personally upon the operator of a motor vehicle who is present at the time of service, and his name, together with the plate designation and the plate type as shown by the registration plates of said vehicle and the expiration date; the make or model, and body type of said vehicle, shall be inserted therein. The notice of violation shall be served upon the owner of the motor vehicle if the operator is not present, by affixing such notice to said vehicle in a conspicuous place. Whenever such notice is so affixed, in lieu of inserting the name of the person charged with the violation in the space provided for the identification of said person, the words ‘owner of the vehicle bearing license’ may be inserted to be followed by the plate designation and plate type as shown by the registration plates of said vehicle together with the expiration date; the make or model, and body type of said vehicle. Service of the notice of violation, or a duplicate thereof by affixation as herein
 
 *669
 
 provided shall have the same force and effect and shall be subject to the same penalties for disregard thereof as though the same was personally served with the name of the person charged with the violation inserted therein.” In each instance the notice of violation was served pursuant to the prescriptions of the statute applicable when the owner of the vehicle is not present, but in each the expiration date of the registration was omitted. The Appeals Board, in determining that this omission did not invalidate the notices or require their dismissal, concluded that the statutory provision for insertion of the expiration date is directory rather than mandatory.
 

 In Supreme Court respondent Bureau sought to sustain the notices, not on the ground on which the Appeals Board relied, but rather on the alternative theory that the presence of lines drawn through the space for insertion of the expiration date indicated that such dates were not available at the time the notices were served. Supreme Court rejected this theory for lack of proof in the record to sustain it and accordingly annulled the Appeals Board determination.
 

 On appeal the Appellate Division upheld the determination of the Appeals Board on the ground relied on by the Appeals Board, namely that the statutory prescription as to expiration date is directory only. On further appeal to us, we reverse and reinstate Supreme Court’s order annulling the determination of the Appeals Board, and effectively dismissing the six notices of violation.
 

 At the outset we observe that the only ground available to sustain the determination of the Appeals Board is that on which the Board itself relied; alternative theories and legal arguments now advanced by the Bureau are not available
 
 (Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,
 
 57 NY2d 588, 593;
 
 Matter of Circus Disco v New York State Liq. Auth.,
 
 51 NY2d 24, 32).
 

 The provisions explicitly prescribed by the Legislature in the statute are mandatory (cf.
 
 Matter of McCormick v Axelrod,
 
 59 NY2d 568;
 
 Matter of King v Carey,
 
 57 NY2d 505). To hold otherwise would be by extension similarly to characterize each of the other items enumerated in the statute, for we perceive no warrant or justification in the
 
 *670
 
 articulation of the statute for differentiation between the expiration date and the plate designation, the plate type, the make or model, or the body type of the vehicle. To hold all these elements directory only would evidently be to eviscerate the legislative enactment. It is for the Legislature rather than the judiciary, should the former be disposed to do so, to distinguish between these elements by designating some directory and others mandatory.
 

 The determination of the Appeals Board must therefore be annulled and the notices of violation dismissed.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer and Simons concur; Judge Kaye taking no part.
 

 Order reversed, with costs, and the order of Supreme Court, New York County, reinstated in a memorandum.