■ In the Matter of HAROLD REAPE, Respondent, v Ross SANDLER et al., Appellants.—Judgment, Supreme Court, New York County (Myriam Altman, J.), entered March 22, 1988, which granted the petition, in part, and dismissed the charge parking violation of June 25, 1987, unanimously modified, on the law, the finding of guilt reinstated, and the CPLR article 78 petition dismissed in its entirety without costs, and otherwise affirmed.

Petitioner-respondent brought this article 78 proceeding to challenge a determination of the Appeals Board of the Parking Violations Bureau of the New York City Department of Transportation dated August 20, 1987. That determination affirmed the validity of notice of violation number 993379274 of June 25, 1987, and the finding that petitioner was guilty of the charged parking violation. At the hearing before an Administrative Law Judge on July 10, 1987, petitioner asserted that the notice of violation was defective because the issuing officer had not complied with a requirement of Vehicle and Traffic Law § 238 (2). Petitioner argued that the statute required that the words "owner of the vehicle bearing license" (followed by the license plate number and description of the car) be used in the space provided for identification of the person charged with the violation. The printed notice of violation, however, bears the phrase "Operator or Registered Owner of Vehicle Described Below". Nevertheless, the notice issued to petitioner contains all of the descriptive information called for in the statute.

Petitioner's contention was rejected by the Administrative Law Judge. The Appeals Bureau affirmed. Supreme Court, however, accepted petitioner's argument that this language was mandatory, citing *Matter of Ryder Truck Rental v Parking Violations Bur.* (62 NY2d 667 [1984]). In that case, the Court of Appeals held that a notice of violation which omitted the expiration date of the vehicle registration was invalid because the inclusion of this and certain other information was mandated by Vehicle and Traffic Law § 238 (2).

A reading of the statute, however, establishes that the above-cited case is distinguishable from the present case. The sentence of the statute at issue in *Ryder Truck Rental (supra)* provides that "the expiration date; the make or model, and body type of said vehicle, *shall be* inserted" in the notice of violation (Vehicle and Traffic Law § 238 [2]; emphasis supplied). All of this information appears in the notice of violation at issue here. However, the sentence relevant to this case provides that "the words 'owner of the vehicle bearing license' *may be* inserted" in the notice of violation (Vehicle and Traffic Law § 238 [2]; emphasis supplied). The choice of the word "may" in that sentence, rather than the word "shall", which is used in the immediately preceding sentences, is evidence that the Legislature intended this provision to be directory, not mandatory. *(See, Matter of McCormick v Axelrod,* 59 NY2d 568, 571-572 [1983].)

We have considered the issues raised on the cross appeal and find them to be without merit. Concur—Carro, J. P., Asch, Milonas and Rosenberger, JJ.