■ In the Matter of WHEELS, INC., Appellant, v PARKING VIOLATIONS BUREAU OF THE DEPARTMENT OF TRANSPORTATION OF THE CITY OF NEW YORK et al., Respondents.—Judgment denominated an order of Supreme Court, New York County (Carol E. Huff, J.), entered April 15, 1991, which in this CPLR article 78 proceeding upheld a determination of the Appeals Board of the Parking Violations Bureau of the City of New York ("the Board") that petitioner was guilty of four parking violations, reversed, on the law, the petition granted, the determination annulled, and the violations vacated and dismissed, without costs.

Agents of the New York City Parking Violations Bureau issued four summonses, with respect to vehicles owned by petitioner, pursuant to Vehicle and Traffic Law § 238 (2), which provides as follows: "A notice of violation shall be served personally upon the operator of a motor vehicle who is present at the time of service, and his name, together with the plate designation and the plate type as shown by the registration plates of said vehicle and the expiration date; the make or model, and body type of said vehicle, shall be inserted therein. The notice of violation shall be served upon the owner of the motor vehicle if the operator is not present, by affixing such notice to said vehicle in a conspicuous place. *Whenever such notice is so affixed, in lieu of inserting the name of the person charged with the violation in the space provided for the identification of said person, the words 'owner of the vehicle bearing license' may be inserted to be followed by the plate designation and plate type as shown by the registration plates of said vehicle together with the expiration date; the make or model, and body type of said vehicle.* Service of the notice of violation, or a duplicate thereof by affixation as herein provided shall have the same force and effect and shall be subject to the same penalties for disregard thereof as though the same was personally served with the name of the person charged with the violation inserted therein." (Emphasis added.)

As the Court of Appeals held in *Matter of Ryder Truck*

*Rental v Parking Violations Bur.* (62 NY2d 667), this statute sets forth the mandatory requirements for the initiation of a prosecution for a parking violation, and the omission of one or more of the five specified descriptive items renders the notice, and any conviction pursuant thereto, a nullity.

In this case the Board, in affirming the guilty finding of the Administrative Law Judge, made the following findings: "In two of these cases (Summons Nos. 1048579311, 1204018315), the issuing officers marked 'PAS' where the plate number consisted of two letters followed by four numbers which, counsel asked the ALJ to take official notice, are only issued by DMV to vehicles having a plate type of 'COM'. In a third case (Summons No. 1133858340), the issuing officer marked 'OML' but counsel asked the ALJ to take official notice that the plate designation was a configuration not issued by DMV to livery vehicles. In the fourth case (Summons No. 1188976590), the issuing officer marked 'OMS', but counsel stated that the plate designation is not a configuration issued by DMV to rental vehicles. *Thus, each of these four summonses contains an apparent internal contradiction between the entries for plate designation and plate type deriving from inferences drawn from official notice of the practices of DMV."* (Emphasis added.)

Thus it is conceded, by way of proper application of judicial notice, that the content of the statutory notice supporting each challenged summons is internally inconsistent and consequently erroneous. However, the Board impermissibly sidestepped the jurisdictional implications of *Ryder (supra)* by casting the burden of proof upon petitioner to absolve itself of guilt by competent proof, despite the defective process purporting to bring petitioner before the tribunal. The Board reasoned that petitioner's failure to offer extrinsic evidence "leaves open the possibility that an act of the [petitioner] may have caused an incorrect entry to be made. In this case, for example, it is possible that the word 'commercial' on the registration plate was covered, in violation of VTL Section 403. As VTL Section 238 (2) mandates that a parking violation summons contain '. . . the plate type as shown by the registration plates of the vehicle,' if the word 'commercial' were covered, the plate type as shown by the registration plates would appear to be "passenger", because there is no plate type shown on New York passenger registration plates."

In our view, this reasoning is in conflict with the basic premise of *Ryder (supra)* that the jurisdictional validity of the initiating accusatory instrument must appear before any bur-

den of responsive pleading or proof shifts to the alleged violator. No mere speculation by the Board that *"it is possible that the word 'commercial' on the registration plate was covered"* (emphasis added) is sufficient to cure a jurisdictional defect which, under *Ryder,* must be viewed as rising to the level of a disregard of due process. Nor can we accept the assumption of the Board, apparently adopted by the dissenters, that as long as there are entries in all five required categories of notice, jurisdiction has attached, however inaccurate those entries may be. Concur—Murphy, P. J., Carro and Wallach, JJ.

Milonas and Smith, JJ., dissent in a memorandum by Smith, J., as follows: I would affirm the decision of the motion court because a *prima facie* case was made out and the petitioner introduced no evidence to rebut it.

The administrative agency found the petitioner, an automobile leasing company whose principal office is in Illinois, liable for four summonses. Petitioner claimed that the four summonses were defective. Specifically, petitioner claimed that the plate types listed on the summonses were erroneous. As to one summons (1048579311), petitioner claimed that the plate type was incorrectly identified as passenger (PAS) instead of commercial (COM) because its license plate (IB 5285) had two letters followed by four numbers. A second summons (1204018315) was also alleged to have a wrong plate type identification, passenger instead of commercial. A third summons (1188976590) allegedly contained the plate type "OMS" for rental but did not have a license plate which began with the letter "Z". The fourth summons (1133858340) was allegedly mismarked "OML" for livery.

The Administrative Law Judge denied petitioner's application to dismiss the summonses. The Appeals Board of the Parking Violations Bureau (PVB) upheld that determination. The Appeals Board noted that the petitioner had offered no evidence of the vehicle types, had not asserted it was not the owner of the vehicles and had not alleged prejudice. It also found that *Matter of Ryder Truck Rental v Parking Violations Bur.* (62 NY2d 667 [1984]) did not require dismissal of the summonses.

Vehicle and Traffic Law § 238 (2) provides that where a summons is given, it should include the plate designation and plate type as shown by the registration plates of the vehicle, the expiration date, the make or model, and the body type. This information was included on the summonses and consti-

tuted *prima facie* evidence of the facts contained therein *(Matter of Gruen v Parking Violations Bur.,* 58 AD2d 48 [1977]). At the proceedings before the Parking Violations Bureau, petitioner offered no evidence to show that its vehicles, identified by the five characteristics required by Vehicle and Traffic Law § 238, had a plate type different than that asserted on the summonses. It merely offered a legal argument and asked the Hearing Officer to take judicial notice of certain practices by the PVB. Nothing in the record supports what petitioner claims is the practice of the PVB. Proof by testimony or the identification of a rule or regulation was necessary. Moreover, *Matter of Ryder (supra)* is not support for the petitioner's position. There the Court of Appeals found that the information required by Vehicle and Traffic Law § 238 (2) to be placed in a summons was mandatory. It dismissed the notices of violation (summonses) because no expiration date had been inserted. The summonses were thus facially defective. Here the summonses were facially valid and required the petitioner to come forth with evidence rebutting the *prima facie* case.

There was substantial evidence to support the charges. (Vehicle and Traffic Law § 240 [2] [b].)