OPINION OF THE COURT
Barbara Howe, J.
Petitioners instituted this CPLR article 78 proceeding in *684 December 1993 for a judgment dismissing all of the within parking violation summonses as jurisdictionally defective, setting aside all convictions had thereunder and remitting any fines already paid. Respondent now moves either to dismiss the petition pursuant to its objections in point of law,[1] or for summary judgment.
Petitioners ground their jurisdictional challenge in what they claim is a violation of the notice provision of Vehicle and Traffic Law § 238 (2) which governs municipal parking infraction summonses. Insofar as relevant here, that statute provides: "A notice of violation shall be served personally upon the operator of a motor vehicle who is present at the time of service, and his name, together with the plate designation and the plate type as shown by the registration plates of said vehicle and the expiration date; the make or model, and body type of said vehicle, shall be inserted therein. The notice of violation shall be served upon the owner of the motor vehicle if the operator is not present, by affixing such notice to said vehicle in a conspicuous place. Whenever such notice is so affixed, in lieu of inserting the name of the person charged with the violation in the space provided for the identification of said person, the words 'owner of the vehicle bearing license’ may be inserted to be followed by the plate designation and plate type as shown by the registration plates of said vehicle together with the expiration date; the make or model, and body type of said vehicle. Service of the notice of violation, or a duplicate thereof by affixation as herein provided shall have the same force and effect and shall be subject to the same penalties for disregard thereof as though the same was personally served with the name of the person charged with the violation inserted therein.” (Emphasis added.)
The parking summonses at issue here nowhere contain any place in which to designate the person being charged with the infraction, either by name (such as the operator of the vehicle, when being personally served) or in a representative capacity (such as the owner of the vehicle, when conspicuous place service is effected). This omission from the summonses, petitioners argue, is a fatal defect, depriving respondent of jurisdiction to enforce the summonses against them.
*685 There is no reported decision which expressly decides the issue raised here so far as my research has disclosed, and none of the parties has called my attention to any such case. Two decisions from our State’s highest court, however, have ruled on closely related issues (Matter of Ryder Truck Rental v Parking Violations Bur., 62 NY2d 667; Matter of Wheels, Inc. v Parking Violations Bur., 80 NY2d 1014), and petitioners argue that those cases require dismissal here. Respondent would distinguish those two cases, and offers as its controlling authority a decision of the Appellate Division, First Department (Matter of Reape v Sandler, 145 AD2d 344).
In Matter of Wheels, Inc. v Parking Violations Bur. (supra, at 1015-1016), the Court of Appeals held: "In Matter of Ryder Truck we declared that five identification elements, including plate type, on a parking ticket were mandatory, and the omission of one element required dismissal (Matter of Ryder Truck Rental v Parking Violations Bur., 62 NY2d 667). We now amplify that decision and hold that a misdescription of any of the five mandatory identification elements also mandates dismissal.” The "identification elements” in Ryder Truck (supra) and Wheels, Inc. pertain to the vehicle in question, and are specified in Vehicle and Traffic Law § 238 (2) as (1) the plate designation, (2) the plate type, (3) the expiration date of the vehicle registration, (4) the make or model of the vehicle, and (5) the body type of the vehicle. None of these elements designates the individual charged with the parking infraction, and thus neither Ryder Truck nor Wheels, Inc. is dispositive of the issue here.
In Matter of Reape v Sandler (supra), the infraction summons contained all five required vehicle identification elements. However, in the space provided on the summons for identification of the person charged with the infraction, the officer had failed to insert the words "owner of the vehicle bearing license”. This, petitioner argued, rendered the summons defective.[2] The Appellate Division, First Department, rejected this claim. Looking to the statute, it held that the relevant phrase, "the words 'owner of the vehicle bearing license’ may be inserted [in the space provided for identification of the person charged]” (Vehicle and Traffic Law § 238 [2] [emphasis added]), was "directory, not mandatory” (Matter of Reape v Sandler, supra, at 345).
*686 Respondent argues that, because none of the petitioners has alleged that he or she was personally served with a parking violation summons, this case focuses only on the requirements dealing with conspicuous place service. As to that, respondent maintains that Reape (supra) is necessarily dispositive. I do not agree. While it is true that there is no claim here of personal service and that the proceeding concerns only conspicuous place service, respondent’s argument glosses over critical factual distinctions between the summons issued in Reape and those involved in this case, and it also overlooks the plain language of the statute itself.
Unlike the summonses here, there was, in fact, a space provided on the summons in Reape (supra) for identification of the person charged with the violation. More significantly, in Reape "[t]he printed notice of violation * * * bears the phrase 'Operator or Registered Owner of Vehicle Described Below’ ” (Matter of Reape v Sandler, supra, at 344), whereas the summonses at issue here contain no such phrase. This latter distinction is crucial, because at least somewhere on the summons in Reape there was a designation of who was being charged.
In effect, the summonses in this case contain appropriate spaces for the five mandatory vehicle identification elements, the signature and badge number of the issuing officer, and the specific violations charged, as well as spaces to indicate whether a "guilty” or "not guilty” plea is entered. Nowhere on the summons, however, is any space provided in which to name or designate the person being charged with the infraction(s), nor even a prefatory "Operator or Registered Owner of Vehicle Described Below” designation (as in Matter of Reape v Sandler, supra).
The statute plainly requires that there be a designation on the summons as to who is being charged with the infraction(s). For example, when the operator is personally served, the statute mandates that "his name * * * shall be inserted” on the summons (Vehicle and Traffic Law § 238 [2]). Where the operator is not personally served, and conspicuous place service is employed, "in lieu of inserting the name of the person charged with the violation in the space provided for the identification of said person, the words 'owner of the vehicle bearing license’ may be inserted” (id.; emphasis added). In the case of conspicuous posting, it is entirely reasonable to omit the "owner of the vehicle” phraseology as long as there is *687 some other designation on the summons, as in Reape (supra), as to who is being charged.
In People v Hamm (9 NY2d 5), the Court of Appeals considered the validity of "a penciled longhand unsworn information, which did not state the name of any defendant” (supra, at 8), and which charged the Penal Law violation of disorderly conduct. The Court referred to the information as "a complete nullity — a mere scrap of paper” (supra, at 10), and, as one basis for dismissal, said:
"[Although there may be greater informality when dealing with offenses (People v. Grogan, 260 N. Y. 138, 141-142; People v. Jacoby, 304 N. Y. 33, 45), there must at the very least be some pleading charging the defendant with a crime or offense. The requirement that an indictment and an information must state the crime with which a defendant is charged, and the particular acts constituting that crime is more than a technicality; it is a fundamental, a basic principle of justice and fair dealing as well as a rule of law’ (People v. Zambounis, 251 N. Y. 94, 97; emphasis supplied). This requirement is not met by an information which does not state the name of the person charged. To be sufficient, an information must be directed against some person (People v. Knapp, 152 Misc. 368, 370) * * *
" 'Forms and procedure still have their place and purpose in the administration of the law; without them we would have chaos’ (People v. Zambounis, supra). ” (Supra, at 11.)
As in Hamm (supra), here, too, the accusatory instruments are mere scraps of paper which charge no one. It is true that the parking infractions in this case may not be deemed as serious as the Penal Law violation in Hamm, but there are consequences to these charges nonetheless. Significant fines can be assessed, and, as the summonses themselves point out, denial of vehicle registration renewal could result in certain circumstances (cf., e.g., People v Scott, 3 NY2d 148, 153, referred to in People v Hamm, supra, at 12, considering analogous consequences). As the statute clearly requires, someone must be charged by the summons in order to be put on proper notice that there is a charge which he or she must answer.
I conclude, therefore, that because the parking infraction summonses in this case do not in any manner charge anyone with the infraction(s) alleged therein, those summonses are jurisdictionally defective. Accordingly, judgment must be, and *688 it hereby is, granted to petitioners against respondent by reversing their convictions under the summonses involved here, dismissing those summonses as jurisdictionally defective, and remitting any fines paid or other penalties assessed, except with respect to petitioner Chon, as against whom judgment is granted to respondent by dismissing this petition.

. One objection may be disposed of summarily. Respondent contends that petitioner Chon failed to exhaust his administrative remedies and that, in any event, this proceeding challenging his 1990 adjudication is untimely (cfi, CPLR 217). Because respondent is correct in both its legal objections, this proceeding by Chon must be dismissed.

. It is nowhere expressly so stated in the decision, but apparently Reape was served by conspicuous posting on his vehicle.