**AVIS RENT–A–CAR SYSTEM, INC., Appellant,**

**v.**

**DISTRICT OF COLUMBIA, Appellee.**

No. 95–SP–87.

District of Columbia Court of Appeals.

Argued May 28, 1996.

Decided July 3, 1996.

A notice of infraction shall be served personally upon the operator of a vehicle who is present at the time of service and his name, together with the plate designation and the *plate type as shown by the registration plates of said vehicle* and the make or model of such vehicle, shall be inserted therein. If the operator is not present, the notice of infraction shall be served upon the owner of the vehicle by affixing such notice to such vehicle in a conspicuous place, by inserting the word "owner" in the space provided for identification of such person and by noting the plate designation and *plate type as shown by the registration plates of such vehicle* together with the make or model of such vehicle. [Emphases added.]

Gary R. Alexander, Washington, DC, with whom Edward Temple was on the brief, for appellant.

Sidney R. Bixler, Assistant Corporation Counsel, with whom Charles F.C. Ruff, Corporation Counsel, Robert R. Rigsby, Deputy Corporation Counsel, and Rosalyn Calbert Groce, Chief, Criminal Appeals Section, were on the brief, for appellee.

Before FARRELL and KING, Associate Judges, and GALLAGHER, Senior Judge.

FARRELL, Associate Judge:

This appeal is from an order of the Superior Court sustaining a decision of the Traffic Adjudication Appeals Board which in turn upheld a hearing examiner's rejection of a challenge by appellant (Avis) to some 900 notices of infraction (NOIs). The NOIs (in the vernacular, traffic or parking tickets) were issued in the District of Columbia to automobiles owned by Avis and leased to others. The vehicles all carried Virginia, Maryland, or District of Columbia registration plates. The issue before us is whether, as Avis contends, the tickets are invalid because NOIs issued in the District do not have a separate and distinct place on them for noting a vehicle's "plate type," *i.e.,* the particular usage for which a vehicle has been registered. Avis contends that this violates the terms of D.C.Code § 40–623(c) (1990), which provides as relevant:

A hearing examiner, and the Board in turn, rejected this argument as did the Superior Court judge on appeal. *See* D.C.Code § 40–635. All relied upon the testimony at the hearing, uncontradicted, that in Virginia and the District of Columbia, and in Maryland since 1991, the plate type of a rental vehicle is shown on the registration plate by a special prefix of one or more letters to the numerical designation. Hence, all concluded, insertion of the complete plate designation (letter prefix plus numbers) on the ticket satisfies the statutory requirement.

Our standard of review, identical to that which the Superior Court applied, is well settled. In reviewing agency decisions interpreting statutory provisions, we "[f]irst ... must determine whether the meaning of the statute is clear." *Columbia Realty Venture v. District of Columbia Rental Hous. Comm'n,* 590 A.2d 1043, 1046 (D.C.1991). If it is, that generally ends the inquiry. *Id.* If the statutory meaning is ambiguous, however, the question becomes "whether the agency's decision is based on a permissible construction of the statute." *Id.* When "a statute is susceptible of more than one interpretation, this court will defer to the interpretation given by the agency charged with administering the statute, unless the agency's interpretation is unreasonable in light of the prevailing law, inconsistent with the statute, or plainly erroneous." *Thomas v. District of Columbia Dep't of Employ-*

*ment Servs.*, 547 A.2d 1034, 1037–38 (D.C. 1988).

■ The relevant language of § 40–623(c) states that when a NOI is issued to a vehicle, "the plate type as shown by the registration plates of said vehicle ... shall be inserted therein." The testimony credited by the hearing examiner was that in the three states concerned, the plate type for rental vehicles appears on the registration plate in the form of a letter prefix. The record supports that finding. It follows, as a matter of plain meaning, that to insert the plate designation including the letter prefix on the ticket is to insert the plate type "*as shown by* the registration plates of said vehicle" (emphasis added). But even if the statutory meaning were not clear, the agency's reading of it as permitting description of the plate type on the ticket by means of the letter prefix is a permissible one, not contradicted by anything else in the statute. Avis rightly asserts that both plate type and plate designation must be noted on the ticket, but that is not to say that they must be noted in separate locations [1] rather than together as part of a plate designation including both type (by letter) and number. Avis may be right that a ticket that required plate type to be noted separately in addition to its inclusion in the plate designation would afford greater protection against transcription errors. But the statute (D.C.Code § 40–623(a)) leaves it to the Director of the Department of Transportation to "prescribe the form of the notice of infraction," and Avis does not explain why the Director's judgment that on balance such duplication would be unnecessary and inefficient [2] is unreasonable.

Avis believes the legislative history of the Traffic Adjudication Act (TAA) supports its argument. In fact, though, the legislative materials mention plate type only once,[3] and say nothing about how plate type is to be recorded on the NOI. Avis also seeks support from New York state appellate decisions interpreting that state's Vehicle and Traffic Law § 238(2), after which the District's act was at least partly modeled. But while D.C.Code § 40–623(c) is similar to New York's § 238(2), and though the latter is mentioned occasionally in the legislative history of the District's act, the New York statute is not cited in regard to the content or form of the District's NOI. Further, the two New York Court of Appeals' decisions on which Avis relies [4] were decided after the Council of the District of Columbia adopted the TAA in 1978, making them weak support for Avis's point that the Council borrowed New York's law as interpreted by its courts. *See John Driggs Corp. v. District of Columbia Dep't of Employment Servs.*, 632 A.2d 740, 746 (D.C.1993). In any event, the upshot of the New York decisions is that dismissal is mandatory when the plate type or other required information is entered on the NOI inaccurately or not at all. Where and how the plate type must be recorded is not addressed in either decision, so neither supports a duty to note the plate type separately on the NOI in addition to including the complete plate designation.[5]

■ We note that the list of NOI's at issue in this case includes some issued to vehicles registered in Maryland before 1991,. which therefore carried plates not distinguished by type. But Avis's argument fares no better as to them. No plate type having been "shown by the registration plates of [these] vehicle[s]," D.C.Code § 40–623(c), the ticket issuer had neither the means nor the duty to

---

1. Avis gives the example of a separate row or list of boxes to be checked off depending on the plate type.

2. The Appeals Board explained that "[t]o create a new expanded NOI to accommodate more boxes for the identification of a vehicle would be overly burdensome and repetitive and serve no useful purpose."

3. *See* COUNCIL OF THE DISTRICT OF COLUMBIA, COMMITTEE ON THE JUDICIARY, REPORT ON BILL No. 2–195, at 20 (May 24, 1978).

4. *In re Wheels, Inc. v. Parking Violations Bureau of the Dep't of Transp. of the City of New York*, 80 N.Y.2d 1014, 592 N.Y.S.2d 659, 607 N.E.2d 806 (1992); *In re Ryder Truck Rental, Inc. v. Parking Violations Bureau of the Transp. Admin. of the City of New York*, 62 N.Y.2d 667, 476 N.Y.S.2d 285, 464 N.E.2d 983 (1984).

5. The case of a registration plate on which the usage is written out (*e.g.*, "commercial"), as apparently in New York, is not before us.

identify and insert the plate type on the NOI. Avis's argument that in such cases the issuer must write "plate type unknown" or similar words on the ticket—again, to insure general alertness to the need to identify vehicle usage accurately—is a fanciful extension of the duty conferred by the statute.

We therefore sustain the Board's determination that the NOIs in question conformed to the obligation to insert plate type "as shown by the registration plates of [the] vehicle."

Avis makes an unrelated argument that the District regularly sends it inaccurate lists of infractions on a so-called form R–410. It is difficult to tell what relief Avis seeks in this regard. The hearing examiner examined 1500 NOIs in this proceeding and dismissed hundreds of them for reasons such as illegibility or apparent inaccuracy. That would appear to afford Avis adequate protection against liability for tickets inaccurately attributed to its vehicles. The fact that transcription errors are made in tallying outstanding NOIs so as to furnish Avis and similar companies with the required statutory notice, *see* D.C.Code § 40–624(b), is not itself a basis for dismissing NOIs valid on their face. If Avis believes the process generally permits too much inaccuracy, its recourse is to the appropriate bodies for rule-making or statutory change.

Finally, despite conceding to the hearing examiner that the issue was not before her, Avis asserts that it has already paid some of the NOIs in issue and that the District is seeking double payment. As the examiner made no ruling on this point (Avis having agreed it was a matter for a different proceeding), Avis may pursue the double payment claim before the agency.

*Affirmed.*