OPINION OF THE COURT
Alice Schlesinger, J.
This CPLR article 78 proceeding challenges the decision by the City of New York Department of Finance Parking Violations Bureau (PVB) in connection with a $115 summons issued to petitioner Dong Sic Ko for double-parking. The course of this litigation is complex and discussed below.
Background
On October 7, 2008, Mr. Ko received a summons in the mail from the PVB. The summons alleges that Mr. Ko double-parked his car in front of 161 East 188th Street and drove off before he could be personally served with a parking ticket or have the ticket placed on his car. After receipt of the summons, Mr. Ko requested a hearing with the PVB. The hearing date was set subsequent to the deadline by which Mr. Ko was required to pay the $115 fine assessed in connection with the summons. Mr. Ko did not pay the fine in advance of the hearing, and as a result, the PVB entered a default judgment against him for $175, including the original $115 fine and a late penalty of $60.
On November 19, 2008, the hearing was held before Administrative Law Judge (ALJ) Hirsch. At the hearing, Mr. Ko denied . that he had been properly served under Vehicle and Traffic Law § 238 (2), in that the ticket had neither been handed to him nor placed on his car. He moved to vacate the default judgment and dismiss the summons on the ground that the PVB had not acquired personal jurisdiction over him and therefore lacked power to adjudicate the alleged violation on the merits. ALJ *605 Hirsch vacated the default judgment on the ground of excusable default and removed the $60 penalty. However, she found respondent’s lack of personal jurisdiction claim unpersuasive and declined to dismiss the summons or the corresponding $115 fine. (Petition, exhibit D.)
Mr. Ko paid the $115 fine on December 8, 2008, and filed an administrative appeal pursuant to 19 RCNY 39-12 (b). On December 24, 2008, the PVB’s appeals board affirmed ALJ Hirsch’s decision, simply finding “no error of fact or law.” (Petition, exhibit G.)
On January 16, 2009, Mr. Ko filed this CPLR article 78 petition seeking to annul the PVB’s appeals board decision and have the matter dismissed for lack of personal jurisdiction. According to petitioner’s reply affirmation, on March 24, 2009, Assistant Corporation Counsel Jasmine Georges called Mr. Ko’s attorney and offered to settle the matter by dismissing the subject parking violation and reimbursing the $115 fine. This offer was rejected.
Nevertheless, on March 25, 2009, in a proceeding before ALJ Pine, the PVB moved, without notice to Mr. Ko, to dismiss the parking violation and to reimburse Mr. Ko for the $115. According to the New York City Department of Finance’s response to a FOIL request filed by Mr. Ko’s attorney, the matter had been remanded to ALJ Pine by Chief ALJ Mary Gotsopolous, sitting as a one-person appeals panel, without explanation. (Reply, exhibit 4.) This remand occurred three months after the original appellate decision affirming ALJ Hirsch’s ruling.
ALJ Pine granted the motion to dismiss the violation on March 25, 2009. ALJ Pine’s order of dismissal states: “Dismissed in the interests of justice in connection with Article 78 settlement negotiations. I HEREBY CERTIFY THAT THE DECISION^) RECORDED ABOVE WAS BASED ON A HEARING CONDUCTED AT THE PLACE, DATE AND TIME INDICATED HEREIN.” Mr. Ko asserts he never attended such a hearing, and no hearing record exists, according to the FOIL response. (Cross motion to dismiss, exhibit H.)
In light of the PVB’s dismissal of the violation, this court granted the PVB’s cross motion to dismiss the petition as moot on May 6, 2009. Mr. Ko then moved for reargument, asserting that the alleged misapplication of the service provisions in Vehicle and Traffic Law § 238 (2) was a matter of public import which occurs frequently and should be heard on the merits. The court further noted that Mr. Ko had not been made whole by *606 the dismissal because the PVB had entered a judgment against him for $219.80 for costs and disbursements assessed in connection with this proceeding on July 17, 2009. On November 24, 2009, reargument was granted with leave to amend the petition, and the clerk was directed to vacate the court’s May 6, 2009 decision and the July 17, 2009 judgment against Mr. Ko.
In his amended petition, Mr. Ko argues that ALJ Pine’s dismissal violates the PVB’s lawful procedures. He argues that under General Construction Law § 41, ALJ Gotsopolous had no authority to set aside the ruling of the earlier appellate panel and remand the matter to ALJ Pine because the required quorum was lacking. Because this remand was void, ALJ Pine had no power to dismiss the subject violation. Mr. Ko further argues that the dismissal was improper because it was entered either without a hearing or after an ex parte hearing conducted without a record.
According to Mr. Ko, the PVB sought to moot the article 78 petition by dismissing petitioner’s summons and by sending him a check for $115, thereby avoiding the judicial determination of what petitioner perceives to be a significant issue, i.e., whether the PVB can serve a summons by mail under Vehicle and Traffic Law § 238 (2).
The Decision of ALJ Pine is Vacated
The court is empowered to annul an agency decision that was “made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion” (CPLR 7803 [3]). Mr. Ko argues that because ALJ Gotsopolous’ remand to ALJ Pine was entered in violation of law and the PVB’s own procedures, ALJ Pine’s decision dismissing the parking violation must be annulled. He further argues that the rationale for the dismissal “in connection with Article 78 settlement negotiations” was false, as he had rejected the PVB’s offer.
Vehicle and Traffic Law § 242 (1) provides that a PVB appeals board “shall consist of three or more hearing examiners.” General Construction Law § 41 in turn requires that
“[wjhenever three or more public officers are given any power or authority, or three or more persons are charged with any public duty to be performed or exercised by them jointly or as a board or similar body, a majority of the whole number of persons or officers . . . shall constitute a quorum and not less than a majority of the whole number may perform *607 and exercise such power, authority or duty.”
It follows that ALJ Gotsopolous lacked a quorum to act as a PVB appeals board pursuant to Vehicle and Traffic Law § 242 (1). She was therefore without authority to remand the matter to ALJ Pine. Nor are there any other provisions of the Vehicle and Traffic Law which would empower ALJ Gotsopolous to unilaterally remand a matter to ALJ Pine so that the PVB could dismiss the violation and render this article 78 proceeding moot.
Even if ALJ Gotsopolous had authority to act individually and enter the remand, the court finds that the decision was in “violation of lawful procedure” because it was entered either without a hearing, or after an ex parte hearing for which no record was made. ALJ Pine’s order contains a certification that the dismissal was entered after a hearing was conducted, but this statement is not supported by the official record.
Moreover, the decision is arbitrary and capricious to the extent it states that ALJ Pine’s decision was made “in the interest of justice in connection with the Article 78 settlement negotiations.” First of all, Mr. Ko vigorously asserts that the dismissal neither served his interests, nor the interests of justice, as it prevented a judicial determination of a significant issue.
What is more, there is no factual basis for the ALJ’s determination. As the PVB acknowledged in its cross motion to dismiss the article 78 proceeding (1Í 24), counsel for the PVB made an offer to Mr. Ko’s attorney that the parties stipulate to the dismissal of the parking violation and the reimbursement of the $115 paid by Mr. Ko to the PVB for the fine. Petitioner did not accept the offer at that time. That was the extent of the negotiations. Nothing more meaningful than that occurred, and no negotiations were ongoing when the ALJ rendered the determination. Mr. Ko was never given a meaningful opportunity to oppose the PVB’s decision to dismiss his parking ticket. It is clear Mr. Ko would want to do so, particularly since the decision affected the viability of the article 78 proceeding pending in this court. Further, the dismissal did not make Mr. Ko whole, as the PVB then entered a judgment against him on July 17, 2009 for $219.80 for costs and disbursements in connection with this proceeding.
The court therefore annuls the March 25, 2009 decision by ALJ Pine, and the clerk of this court is directed to vacate the July 17, 2009 judgment for $219.80 entered in favor of respondent and against petitioner in this proceeding.
*608 The PVB Lacked Personal Jurisdiction Over Mr. Ko
The court now turns to the merits of Mr. Ko’s amended petition. Mr. Ko contends that the summons was not properly served on him pursuant to Vehicle and Traffic Law § 238 (2) and therefore must be dismissed. Vehicle and Traffic Law § 238 (2) states, “[a] notice of violation shall be served personally upon the operator of a motor vehicle who is present at the time of service . . . [or] if the operator is not present, by affixing such notice to said vehicle in a conspicuous place.”
As noted above, Mr. Ko was charged with impermissible double-parking on East 188th Street, but allegedly drove away before the PVB officer could personally serve the summons on him or affix it to his vehicle. The summons, which was later mailed to Mr. Ko, reflects that Mr. Ko left the scene before service of the summons. It contains “Drive Away” in the space for the name of the vehicle operator, “N/S-DrOff” in the space for the expiration date of the vehicle’s license plate, and “Drive Off’ in the space for the officer’s comments. (Petition, exhibit B.)
The problem is that no provision is made in the Vehicle and Traffic Law for service of a summons by mail. Moreover, no exception is included in Vehicle and Traffic Law § 238 (2) for vehicle operators who “drive off’ before a summons may be completed and properly served. The statute clearly provides that service may be completed only by one of two means — by personal delivery or by affixing the summons to the car.
The Court of Appeals has required strict compliance with the requirements of the Vehicle and Traffic Law. For example, in Matter of Ryder Truck Rental v Parking Violations Bur. of Transp. Admin, of City of N.Y. (62 NY2d 667 [1984]), the Court of Appeals reversed the Appellate Division and reinstated the Supreme Court’s decision annulling a PVB appeals board decision which upheld notices of violation that failed to include the expiration date for the vehicle’s registration, as required by the statute. The Court said: “The provisions explicitly prescribed by the Legislature in the statute are mandatory .... To hold all these elements directory only would evidently be to eviscerate the legislative enactment.” (Id. at 669-670.)
Similarly here, the court is bound by the plain language of Vehicle and Traffic Law § 238 (2) to conclude that service by mail is not permitted, even in “drive off’ cases. Admittedly, this reading of the statute may make it more difficult for the PVB to *609 enforce traffic and parking laws against motorists who leave the scene before service is accomplished. Nevertheless, the statute simply does not allow for service of a summons by mail, and the court is not permitted to effectively amend a statute to correct perceived errors or deficiencies. That is a task for the Legislature, if it sees fit to do so. (See Matter of Green [Potter], 51 NY2d 627, 629 [1980], citing Meltzer v Koenigsberg, 302 NY 523, 525 [1951] [finding no specific statutory authority under Mental Hygiene Law article 77 to support petitioner’s request for attorney’s fees, the Court held it did not have the authority to award fees by presuming such an omission was a legislative oversight].)
The court further notes that the Vehicle and Traffic Law does allow, in other circumstances, that certain notices be mailed to motorists, rather than personally served or affixed to the subject vehicle. For example, Vehicle and Traffic Law § 235 (2) (a) (2) directs a municipality to give a motorist who has not responded to a first notice of violation a second notice through “regular first class mail.” Vehicle and Traffic Law § 241 (2) likewise permits the city to notify a motorist by mail that a default judgment will shortly be entered against him for failure to enter a plea or contest a charge made in a summons, or for failure to appear at a designated hearing. However, these circumstances are distinct from the instant case in that the notices may be mailed only after service of process has been completed and the time period for responding to the summons has expired. The type of notices which may be mailed are not summonses, which require proper service to acquire jurisdiction over the motorist.
As the Vehicle and Traffic Law does not allow service of a summons by mail, Mr. Ko’s article 78 petition must be granted, his July 14, 2008 summons dismissed, and the $115 fine assessed by the PVB vacated and the monies repaid to petitioner, if not done so already. The court does not need to reach petitioner’s arguments alleging the illegality of 19 RCNY 39-12, which requires that a motorist pay the PVB fine in full before filing an administrative appeal.
Accordingly, it is hereby adjudged that the petition is granted, the decision by ALJ Pine is vacated, the July 14, 2008 summons is dismissed and the $115 fine vacated, and petitioner is entitled to reimbursement of the $115 if not already reimbursed; and it is further ordered that the July 17, 2009 judgment entered in favor of respondent against petitioner for $219.80 for costs and *610 disbursements is vacated, and Mr. Ko is entitled to reimbursement of that amount if paid; and it is further ordered that petitioner is awarded costs and disbursements in connection with this proceeding.