16-2382-cv
*Nestle Waters North America, Inc. v. City of New York, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of May, two thousand seventeen.

PRESENT:    AMALYA L. KEARSE,
            GUIDO CALABRESI,
            JOSÉ A. CABRANES,
                    *Circuit Judges.*

---

NESTLE WATERS NORTH AMERICA, INC.,

        *Plaintiff-Appellant,*                                 16-2382-cv

        v.

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT
OF FINANCE,

        *Defendants-Appellees.*[*]

---

**FOR PLAINTIFF-APPELLANT:**                    DAVID M. SCHWARTZ, Gerstman,
                                                Schwartz & Malito, LLP, Garden City,
                                                NY.

---

[*] The Clerk of Court is directed to amend the caption as set forth.

1

**FOR DEFENDANTS-APPELLEES:** JEREMY W. SHWEDER (Devin Slack, *on the brief*) for Zachary W. Carter, Corp. Counsel of the City of New York, New York, NY.

Appeal from the judgment of the United States District Court for the Southern District of New York (Andrew L. Carter, Jr., *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Nestle Waters North America, Inc. ("Nestle") appeals the June 8, 2016 judgment of the district court, dismissing Nestle's procedural and substantive due process claims and declining to exercise supplemental jurisdiction over a state law claim for unjust enrichment. On appeal, Nestle argues that the City of New York and the Department of Finance of the City of New York ("City") maintained an unlawful and deliberate policy of issuing and enforcing jurisdictionally defective parking summonses in contravention of Vehicle and Traffic Law ("VTL") § 238(2).[1] Nestle asserts that this policy violated its procedural and substantive due process rights and brings claims pursuant to 42 U.S.C. §§ 1983 and 1988. It also brings a state law claim of unjust enrichment. For the reasons set forth in the district court's well-reasoned opinion, we find these arguments to be without merit. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

*** 

We review *de novo* an order granting a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Harris v. Mills,* 572 F.3d 66, 71 (2d Cir. 2009). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). All reasonable inferences are drawn in favor of the plaintiff and all factual allegations are viewed in the light most favorable to the plaintiff. *See, e.g., Chase Group Alliance LLC v. City of New York Dept. of Finance,* 620 F.3d 146, 150 (2d Cir. 2010).

---

[1] VTL § 238(2) requires mandatory five elements to be listed on a summons: plate designation, plate type, expiration date of registration, make or model of vehicle, and body type of vehicle. An exact description of a license plate type must be denoted on the summons. *See Ryder Truck Rental, Inc. v. Parking Violations Bureau of Transp. Admin. Of City of New York*, 62 N.Y.2d 667 (1984); s*ee also Wheels, Inc. v. Parking Violations Bureau of Dept. of Transp. Of City of N.Y.*, 185 A.D.2d 110 (1st Dep't 1992), *aff'd* 80 N.Y.2d 1014 (1992) ("We now amplify that decision and hold that a misdescription of any of the five mandatory identification elements also mandates dismissal.").

First, we hold that the district court properly dismissed Nestle's procedural due process claim. The primary question is whether the form of review afforded through the Parking Violations Bureau ("PVB") administrative processes and Article 78 proceedings in New York State is adequate for due process purposes. To determine what process is due, the courts must balance the three factors set forth in *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976). In the instant case, the PVB/Article 78 review procedures clearly satisfy the requirements of procedural due process. The most persuasive fact is that Nestle successfully overturned 38 summonses through the PVB/Article 78 review procedures. It now alleges that the very procedure that previously vindicated its rights is now constitutionally defective. Accordingly, we conclude the district court appropriately dismissed Nestle's procedural due process claim.

Second, we also reject Nestle's substantive due process claim that the City's policy of noting "IRB" on its parking summonses was so perverted as to rise to the level of a deprivation of constitutional rights. "Substantive due process standards are violated only by conduct that is so outrageously arbitrary as to constitute a gross abuse of governmental authority." *Natale v. Town of Ridgefield,* 170 F.3d 258, 263 (2d Cir. 1999). Substantive due process does not entitle federal courts to examine every alleged violation of state law. *See Cunney v. Board of Trustees of Village of Grand View, New York,* 660 F. 3d 612, 626 (2d Cir. 2011) ("Substantive due process protects against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against government action that is incorrect or ill-advised."(internal quotation marks and citations omitted)). Accordingly, we are not persuaded that the City's alleged policy of issuing deliberately jurisdictionally defective parking summonses was an *ultra vires* act that violated Nestle's due process rights.

Finally, the district court was well within its discretion to decline to exercise supplementary jurisdiction over the state law claim of unjust enrichment. "Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional values of judicial economy, convenience, fairness, and comity, in deciding whether to exercise jurisdiction." *Kalari* v. *N.Y.-Presbyterian Hosp.,* 455 F.3d 118, 122 (2d Cir. 2006) (citations and internal quotation marks omitted). We typically afford great deference to the district court's decision whether to exercise supplemental jurisdiction and continue to apply that deference here.

**CONCLUSION**

We have considered all of appellant's claims on appeal and found them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3