**Muladzhanov v City of New York**

2024 NY Slip Op 30832(U)

March 15, 2024

Supreme Court, New York County

Docket Number: Index No. 157542/2020

Judge: Debra A. James

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    **HON. DEBRA A. JAMES**                    PART    59

                                              *Justice*

-------------------------------------------------------------------------------X

ABRAM MULADZHANOV, BINYAMIN SCHWARTZ,
GEORGE PRINGLE, JOHN SANTANA, individually, and on
behalf of all others similarly situated,

|  |  |
|---|---|
| **INDEX NO.** | 157542/2020 |
| **MOTION DATE** | 06/09/2023 |
| **MOTION SEQ. NO.** | 001 |

                              Petitioners,

                              - v -

THE CITY OF NEW YORK, MAYOR BILL DE BLASIO, IN
HIS OFFICIAL, INDIVIDUAL AND PERSONAL
CAPACITIES, COMMISSIONER POLLY TROTTENBERG,
IN HER OFFICIAL, INDIVIDUAL AND PERSONAL
CAPACITIES, COMMISSIONER JACQUES JIHA, IN HIS
OFFICIAL, INDIVIDUAL AND PERSONAL CAPACITIES,
DEPUTY COMMISSIONER JEFFREY SHEAR, IN HIS
OFFICIAL, INDIVIDUAL AND PERSONAL CAPACITIES,
JOHN AND JANE DOE CITY OF NEW YORK
EMPLOYEES, IN THEIR OFFICIAL, INDIVIDUAL AND
PERSONAL CAPACITIES, JOHN AND JANE DOE NEW
YORK CITY DEPARTMENT OF TRANSPORTATION
EMPLOYEES, IN THEIR OFFICIAL, INDIVIDUAL AND
PERSONAL CAPACITIES, JOHN AND JANE DOE NEW
YORK CITY DEPARTMENT OF FINANCE EMPLOYEES, IN
THEIR OFFICIAL, INDIVIDUAL AND PERSONAL
CAPACITIES, JOHN AND JANE DOE NEW YORK CITY
PARKING VIOLATIONS BUREAU EMPLOYEES, IN THEIR
OFFICIAL, INDIVIDUAL AND PERSONAL CAPACITIES,
JOHN AND JANE DOE NEW YORK CITY PARKING
VIOLATIONS BUREAU ADMINISTRATIVE LAW JUDGES,
IN THEIR OFFICIAL, INDIVIDUAL AND PERSONAL
CAPACITIES,

**DECISION + ORDER ON
MOTION**

                              Respondents.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 18, 19, 20, 21, 22,
23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 44, 45, 46, 47, 48, 49, 50, 51,
52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70

were read on this motion to/for                      ARTICLE 78 (BODY OR OFFICER)          .

<u>ORDER</u>

       Upon the foregoing documents, it is

**157542/2020   MULADZHANOV, ABRAM vs. CITY OF NEW YORK**                    **Page 1 of 5**
  **Motion No.  001**

1 of 5

ORDERED and ADJUDGED that the cross motion of respondents to dismiss the proceeding pursuant to CPLR 3211(a)(7) is granted: and it is further

ORDERED and ADJUDGED that the petition is denied, and the proceeding is dismissed, with costs and disbursements to respondents; and it is further

ADJUDGED that respondents, having address(es) at _____ , do recover from petitioners, having an address at _____ , costs and disbursements in the amount of $ _____ , as taxed by the Clerk, and that respondent have execution therefor.

## DECISION

Petitioners do not contend that their speeding adjudications were not supported by substantial evidence proffered at the hearings but claim that the speeding camera signage was inadequate and camera operational tests insufficient to set a legal speed limit or to establish that such speed limit was exceeded, respectively, and that therefore the adjudications were arbitrary and capricious. As respondents move to dismiss,

**157542/2020   MULADZHANOV, ABRAM vs. CITY OF NEW YORK**          **Page 2 of 5**
  **Motion No.  001**

2 of 5

as a matter of law, pursuant to CPLR 3211(a)(7)[1], there is no substantial evidence issue raised pursuant to CPLR § 7803[2].

As argued by respondents, none of petitioners' claims state a viable cause of action against the individual defendants, personally, as same are challenges to official actions, which actions involve the exercise of discretion. See Tango v Tulevech, 61 NY2d 34, 40 (1983).

Petitioners do not deny that each were afforded an opportunity to challenge the Notices of Violations at an evidentiary hearing conducted by respondent administrative agency. Therefore, as a matter of law, their constitutional rights to due process were not violated. See Miller v Schwartz, 128 AD2d 783 (2d Dept 1987).

Nor do the challenges of petitioners to the verbiage on the signs providing notice of speed cameras have any merit, as a matter of law. As respondents contend, the National Manual on Uniform Traffic Control Devices for Streets and Highways

---

[1] To the extent that respondents rely upon documentary record evidence, the court deems the true nature of their application as pursuant to CPLR 3211(a)(1).

[2] This court does not consider respondents' arguments with respect to the 2017 speed camera Notices of Liability issued pursuant to Vehicle and Traffic Law (VTL) § 1108-b (prohibiting speeding near schools) that petitioners Muladzhanov and Schwartz are barred because such petitioners pled guilty to the speeding charges set forth in such Notices, as such would be part of any review by the Appellate Division, First Department, upon transfer pursuant to CPLR § 7804. See Jones v Fletcher, 279 AD 1118 (3d Dept 1952) and Serby v City of New York, 215 AD3d 438 (1st Dept 2023).

157542/2020   MULADZHANOV, ABRAM vs. CITY OF NEW YORK          Page 3 of 5
Motion No. 001

3 of 5

[* 3]

provides that New York State may vary such requirements, subject to substantial compliance with such Manual. In addition, New York State laws, specifically Vehicle and Traffic Law §§ 1680(c) and 1682, permit respondent City to diverge from the state specifications raised by petitioners to the extent respondent City "in its discretion deems practicable". As respondent New York City did so, petitioners' challenge thereon shall be dismissed.

Given the "coding error" explanation set forth in the letter dated June 11, 2018 that the signature of the technician on the Certificate of Charging Liability in some instances is not viewable from certain computer monitors, and the removal of the verification requirement by VTL § 208 removal, petitioners have no basis to assail the authenticity of the Technician's Certificates. See Street v City of New York, 202 AD3d 542, 543 (1st Dept 2022).

Petitioners' challenge to the Daily Set-up Log likewise likes merit as the record evidence, in the form of the Daily Logs themselves (NYSCEF Documents Number 9), demonstrates that respondent City's implementation of such Set-up comports with VTL § 1180-b(3) mandates, as a matter of fact and law. Further, respondent City's discretion therewith is entitled to deference by this court. See Serby v City of New York, supra, at p. 439, citing Street, supra.

**157542/2020   MULADZHANOV, ABRAM vs. CITY OF NEW YORK**   **Page 4 of 5**
  **Motion No.  001**

[* 4]

4 of 5

Finally, for the reasons asserted by respondents, this court finds that petitioners' other challenges lack merit. Therefore dismissed are petitioners' claims of or for (1) deprivation of due process (see Halberstam v City of New York, Index No. 654239/2012, [Order dated December 14, 2013, Kathryn Freed, JSC, NYSCEF Document Number 63]; Nestle Waters N Am Inc v City of New York, 689 Fed Appx 87, 88 [2d Cir 2017]; and Muladzhanov v City of New York, 18 CV 930 [US Court, EDNY 2018]); (2) civil damages for violations of VTL §§ 1180-b(a)(2), 1180-b(d), 1180-b(g)(2) and 1180-b(a) (see Weinman v New York State Department of Motor Vehicles Traffic Violations Bureau, 203 AD3d 1050 [2d Dept 2022]); and (3) fraudulent concealment/fraudulent inducement, negligent misrepresentation, unjust enrichment (see Michael R. Gianatasio, PE, PC v City of New York, 53 Misc3d 757, 774-775 [Sup Ct NY Co 2016, Kornreich, J); declaratory judgment (see Press v Monroe County, 50 NY2d 695 (1980).

20240315173435DJAMESD60262E692CF4A2EBCE7E7EBB990DD60

**3/15/2024**
**DATE**

**DEBRA A. JAMES, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**157542/2020   MULADZHANOV, ABRAM vs. CITY OF NEW YORK**
**Motion No.  001**

**Page 5 of 5**

5 of 5

[* 5]