In the Matter of HAMIL STRATTEN PROPERTIES, LLC, et al., Appellants, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent. [913 NYS2d 282]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Environ-

mental Conservation dated November 19, 2007, adhering to its August 30, 2007, determination to terminate the petitioners' Brownfield Site Cleanup Agreement dated October 14, 2004, and action, inter alia, for declaratory relief, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Kitzes, J.), entered August 12, 2009, which, among other things, denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

The petitioners/plaintiffs (hereinafter the petitioners) own certain real property in Long Island City which was contaminated by the previous owner, a manufacturer of adhesives for over 60 years. In 2004, the petitioners entered into a "Brownfield Site Cleanup Agreement" (hereinafter the agreement) with the New York State Department of Environmental Conservation (hereinafter the DEC) in order to remediate the contamination.

The Environmental Conservation Law authorizes the DEC to terminate such an agreement "at any time during its implementation if the applicant fails to comply substantially with such agreement's terms and conditions" (ECL 27-1409 [12]). That section is mirrored in paragraph XIII of the agreement. The DEC terminated the agreement on August 30, 2007, for failure to substantially comply with its terms and conditions. On November 19, 2007, the DEC refused to reinstate the agreement, adhering to its original determination.

In a proceeding pursuant to CPLR article 78, the appropriate inquiry is whether the agency's determination was arbitrary, capricious, or an abuse of discretion (see Abiele Contr. v New York City School Constr. Auth., 91 NY2d 1, 7 [1997]). An agency's interpretation of a statute it is charged with implementing is entitled to deference if not irrational or unreasonable (see Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y., 91 NY2d 413, 419 [1998]). Here, the DEC reasonably determined that the petitioners failed to substantially comply with the agreement. When the determination of an administrative agency involves factual evaluations in the area of the agency's expertise and, as here, is supported by the record, that determination must be accorded great weight and judicial deference (see Matter of Lighthouse Pointe Prop. Assoc. LLC v New York State Dept. of Envtl. Conservation, 14 NY3d 161, 176 [2010]). Applying this standard, we conclude that the DEC's determination was not arbitrary, capricious, or an abuse of discretion.

The petitioners contend that they did not receive proper no-

tice of the August 30, 2007, termination of the agreement and the November 19, 2007, refusal to reinstate the agreement. However, this contention is without merit, since notices were sent to the petitioners' attorney, who was acting as their agent in the matter (*see Center v Hampton Affiliates*, 66 NY2d 782 [1985]). Contrary to the petitioners' contentions, the requirements with regard to notice of termination of Brownfield Site Cleanup Agreements contained in 6 NYCRR 375-3.5 (c) (1) do not apply here. That regulation applies only to agreements entered into after the effective date of the regulations (*see* 6 NYCRR 375-1.1 [a]).

Additionally, contrary to the petitioners' contentions, the DEC reasonably determined that termination and refusal to reinstate are not issues subject to formal dispute resolution under subparagraph XIV (A) of the agreement, and that, in any event, the petitioners failed to timely request formal dispute resolution pursuant to that section.

The petitioners' contention that Environmental Conservation Law § 27-1409 (5) and (12) are unconstitutionally vague is without merit (*see generally People v Kozlow*, 8 NY3d 554, 561 [2007]; *People v Reed*, 265 AD2d 56, 68 [2000]; *see also VIP of Berlin, LLC v Town of Berlin*, 593 F3d 179, 187 [2d Cir 2010]).

The petitioners also contend that their constitutional rights were violated when the DEC terminated the agreement without a hearing. However, due process is satisfied if an opportunity for a hearing is given, regardless of whether the property owner takes advantage of that opportunity (*see Brody v Village of Port Chester*, 434 F3d 121, 131 [2005]). Here, the petitioners had the opportunity for a pre-deprivation hearing, in the form of dispute resolution, but the petitioners did not timely pursue that option. Moreover, this CPLR article 78 proceeding provides an adequate post-deprivation process even in the absence of an administrative hearing (*see Noroian v City of Port Jervis*, 16 AD3d 392 [2005]; *Matter of Action Elec. Contr. Co. v Riverso*, 287 AD2d 560 [2001]; *Matter of Estate of Kadin v Bennett*, 163 AD2d 310 [1990]).

The petitioners failed to make the requisite showing that their right to equal protection was violated by the DEC's termination of the agreement (*see Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617, 631 [2004]; *Darby Group Cos., Inc., Distribs. v Village of Rockville Ctr., N.Y.*, 43 AD3d 979 [2007]).

Finally, the Supreme Court properly rejected the DEC's statute of limitations defense (*see generally Matter of Carter v State of N.Y., Exec. Dept., Div. of Parole*, 95 NY2d 267, 270 [2000]; *Conquest Cleaning Corp. v New York City School Constr. Auth.*,

279 AD2d 546 [2001]). Mastro, J.P., Dillon, Eng and Chambers, JJ., concur.