[990 NYS2d 512]

In the Matter of NESTLE WATERS NORTH AMERICA, INC., on Behalf of Itself and All Others Similarly Situated, Appellant, v CITY OF NEW YORK et al., Respondents.

First Department, July 31, 2014

*Edelstein & Grossman*, New York City (*Jonathan I. Edelstein* of counsel), for appellant.

*Michael A. Cardozo, Corporation Counsel*, New York City (*Edward F.X. Hart* and *Leonard Koerner* of counsel), for respondents.

### OPINION OF THE COURT

RENWICK, J.

Petitioner Nestle Waters North America, Inc. commenced the instant "hybrid class action for Article [sic] 78 relief, declaratory judgment, injunctive relief and remission of fines unlawfully imposed" seeking to, inter alia, annul the determination of respondent Appeals Board of Parking Violations Bureau of the City of New York. The Appeals Board upheld a finding of guilt as to 38 parking summonses issued to Nestle's trucks with New Jersey "APPORTIONED" license plates.* Nestle challenges the New York City Parking Violation Bureau's policy of deeming "IRP" an accurate description of out-of-state "APPORTIONED" license plates for purposes of adjudicating parking summonses. For the reasons explained below, we find that such

---

* New York City Police Department traffic agents issued the 38 summonses at issue here to Nestle's trucks for various parking violations including parking by a fire hydrant, parking in no standing and no parking zones, double parking in Midtown and leaving platform lifts in low positions.

policy violates Vehicle and Traffic Law § 238 (2), which requires an accurate description of the five mandatory elements on a parking ticket.

Companies like Nestle, with fleets of trucks operating across state lines, typically obtain "apportioned" license plates from their state of registration. These plates are labeled "APPORTIONED" because they are issued under the International Registration Plan (IRP), a privately-administered registration reciprocity agreement, under which the highway use tax paid by the truck owner is apportioned among the states and provinces in which the trucks are used. Trucks registered under the IRP are issued license plates labeled "APPORTIONED."

On May 24, 2012, Nestle appeared at a hearing before the New York City Department of Finance Commercial Adjudications Unit to contest the 38 summonses, arguing that they should be dismissed because the "plate type was described incorrectly." Nestle submitted the following evidence to the hearing examiner in support: (1) the registration cards of the trucks to which the summonses were issued; (2) a letter from an "IRP Supervisor" of the New Jersey Motor Vehicle Commission stating that " 'APPORTIONED' is the correct plate type issued in the State of New Jersey [and] [t]here is no plate type IRP"; (3) a letter from the New Jersey Motor Vehicle Commission stating that it "only issues plates with the designation 'APPORTIONED' displayed at the bottom for use on vehicles registered under the International Registration Plan [and it] does not issue plates with the designation IRP displayed on them"; (4) a sample New Jersey "APPORTIONED" license plate; and (5) an excerpt from the New York City Department of Finance Commercial Adjudications Unit's "Administrative Law Judge Manual" (the Manual) pertaining to "Conflicts in Plate Type Descriptions." The administrative law judge rejected Nestle's argument, adjudicated Nestle guilty on each of the summonses and imposed fines in the total amount of $3,835.

On June 26, 2012, a hearing was held before the Appeals Board. In its appeal submission, Nestle claimed that the basis for the appeal was the rejection of its defense of "wrong plate type" and the failure of the administrative law judge to consider the evidence submitted. It further argued that the administrative law judge failed to abide by the Manual's requirement that "[i]n assessing the accuracy of plate type for a foreign registered vehicle, the ALJ's basic concern is whether the summons writer accurately transcribed to the summons what appeared on the

plate." The administrative law judge panel held that, "[u]pon review of the entire record before us, we find no error of fact or law. The Judge's decision is upheld."

In October 2012, Nestle filed this proceeding seeking a judgment granting it the following relief: (1) vacating and annulling the final determination made by respondents in June 2012, on the ground that such determination was arbitrary, capricious and contrary to law; (2) directing respondents to remit all fines paid by Nestle in connection with the 38 disputed summonses; (3) "[d]eclaring the [respondents'] policy of deeming 'IRP' an accurate description of 'APPORTIONED' license plates issued outside New York State is violative of Section 238 of the Vehicle and Traffic Law."

The petition alleged that respondents had "adopted a policy of regarding 'IRP' as an accurate description of out-of-state 'APPORTIONED' license plates, because trucks with 'APPORTIONED' plates are registered under the International Registration Plan." However, it further contended that "IRP" is "not an accurate description of the actual, physical plate because states, other than New York, do not issue 'IRP' plates or registrations" but instead issue "APPORTIONED" plates and registrations.

Petitioner alleged that a "large number of summonses describing the plate type as 'IRP' have been issued to out-of-state trucks with 'APPORTIONED' plates and registrations, because the automatic coding machines issued to New York City parking enforcement personnel contain a shortcut key for 'IRP' . . . whereas 'APP' must be keyed in manually."

Pursuant to CPLR 7803 (3), the relevant inquiry in this case is "whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion." As a general rule, an action is deemed to be arbitrary if it is taken without a sound basis in reason and generally without regard to the facts (see *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]; *Matter of Trump on the Ocean, LLC v Cortes-Vasquez*, 76 AD3d 1080 [2d Dept 2010]). "An agency's interpretation of a statute it is charged with implementing is entitled to deference if not irrational or unreasonable" (*Matter of Hamil Stratten Props., LLC v New York State Dept. of Envtl. Conservation*, 79 AD3d 747, 748 [2d Dept 2010]; see also *Matter of New York Botanical Garden v Board of Stds. & Appeals of*

*City of N.Y.*, 91 NY2d 413, 419 [1998]; *Flacke v Onondaga Landfill Sys.*, 69 NY2d 355 [1987]).

In this case, as indicated, petitioner argues that the determination of the Appeals Board was based upon an error of law in deeming an "IRP" an accurate description of out-of-state "APPORTIONED" license plates and registrations, for purposes of adjudicating parking summonses. The New York City Parking Violations Bureau issued the disputed 38 summonses pursuant to Vehicle and Traffic Law § 238 (2), which provides as follows:

> "A notice of violation shall be served personally upon the operator of a motor vehicle who is present at the time of service, and his name, together with the plate designation and the plate type as shown by the registration plates of said vehicle and the expiration date; the make or model, and body type of said vehicle . . . shall be inserted therein . . . . The notice of violation shall be served upon the owner of the motor vehicle if the operator is not present, by affixing such notice to said vehicle in a conspicuous place. Whenever such notice is so affixed, in lieu of inserting the name of the person charged with the violation in the space provided for the identification of said person, the words 'owner of the vehicle bearing license' may be inserted to be followed by the plate designation and plate type as shown by the registration plates of said vehicle together with the expiration date; the make or model, and body type of said vehicle . . . . Service of the notice of violation, or a duplicate thereof by an affixation as herein provided shall have the same force and effect and shall be subject to the same penalties for disregard thereof as though the same was personally served with the name of the person charged with the violation inserted therein."

Thus, Vehicle and Traffic Law § 238 (2) provides the requirements for initiating a prosecution for parking violations. The statute sets forth five mandatory identification elements which may not be omitted from a parking summons if it is to survive a jurisdictional challenge and avoid dismissal (*Matter of Wheels, Inc. v Parking Violations Bur. of Dept. of Transp. of City of N.Y.*, 80 NY2d 1014 [1992]; *Matter of Ryder Truck Rental v Parking Violations Bur. of Transp. Admin. of City of N.Y.*, 62 NY2d 667 [1984]). The mandatory five elements are (1) plate designation;

(2) plate type; (3) expiration date of registration; (4) make or model of vehicle; and (5) body type of vehicle.

The Court of Appeals has required strict compliance with the requirements of Vehicle and Traffic Law § 238 (2). For example, in *Ryder Truck Rental*, the Court of Appeals reversed the Appellate Division and reinstated the Supreme Court's decision annulling a Parking Violations Bureau Appeals Board decision which upheld notices of violation that failed to include the expiration date for the vehicle's registration, as required by the statute. The Court said: "The provisions explicitly prescribed by the Legislature in the statute are mandatory . . . To hold all these elements directory only would evidently be to eviscerate the legislative enactment" (*id.* at 669-670).

Further, in *Matter of Wheels*, the Court of Appeals amplified its decision in *Ryder Truck Rental* by holding that the five mandatory identification elements, which may not be omitted from a parking summons if it is to avoid dismissal, may also not be misdescribed (80 NY2d 1014). Thus, a misdescription of any of the five mandatory identification elements also constitutes a jurisdictional defect mandating dismissal (*id.*).

Similarly, this Court is bound by the plain language of Vehicle and Traffic Law § 238 (2). We must conclude that the New York City Parking Violations Bureau's policy of deeming "IRP" an accurate description of out-of-state "APPORTIONED" license plates for purposes of adjudicating parking violations violates the statute. As indicated, Vehicle and Traffic Law § 238 (2) requires that a notice of parking violation shall include the "plate type *as shown* by the registration plates of said vehicle" (emphasis added). It is undisputed that each ticket here described the "vehicle type" as "IRP," while the corresponding license plate described the vehicle type as "APPORTIONED." The choice of the words in the statute *"as shown"* by the vehicle plate is evidence that the legislature intended strict compliance with the statute, and "new language cannot be imported into a statute to give it a meaning not otherwise found therein" (McKinney's Cons Laws of NY, Book 1, Statutes § 94 at 190; *see Matter of Raritan Dev. Corp. v Silva*, 91 NY2d 98, 104-105 [1997], quoting Statutes § 94).

We are cognizant that the terms "IRP" and "APPORTIONED" are used interchangeably by the New York City Parking Violations Bureau as a convenience. For instance, the automatic coding machines issued to New York City parking enforcement personnel contain the short cut key of "IRP,"

whereas "APP" or "APPORTIONED" must be keyed in manually. Nevertheless, the statute simply does not allow for such administrative expedience, and neither this Court nor an administrative agency is permitted to effectively amend a statute to permit such shortcut. That is a task for the legislature, if it sees fit.

In short, the petition should have been granted because the final determination made by respondent to adjudicate petitioners guilty on each of the summonses was contrary to well established law. Dismissal of the traffic summonses was warranted since they failed to comply with the mandatory requirements of Vehicle and Traffic Law § 238 (2) (*see Matter of Wheels*, 80 NY2d 1014; *Ryder Truck Rental*, 62 NY2d 667).

Accordingly, the judgment of the Supreme Court, New York County (Eileen A. Rakower, J.), entered March 8, 2013, which denied the petition and dismissed the hybrid CPLR article 78 and declaratory judgment proceeding challenging respondents' policy of deeming "IRP" an accurate description of out-of-state "APPORTIONED" license plates and registrations for purposes of adjudicating parking summonses, should be reversed, on the law, without costs, the petition granted, the determination annulled, the violations vacated and dismissed, and it is declared that respondents' policy of deeming "IRP" an accurate description of "Apportioned" license plates issued outside of New York State is violative of section 238 of the Vehicle and Traffic Law.

Acosta, J.P., Moskowitz, Freedman and Feinman, JJ., concur.

Judgment, Supreme Court, New York County, entered March 8, 2013, reversed, on the law, without costs, the petition granted, the determination annulled, the violations vacated and dismissed, and it is declared that respondents' policy of deeming "IRP" an accurate description of "Apportioned" license plates issued outside of New York State is violative of section 238 of the Vehicle and Traffic Law.