Matter of Sysco Metro NY, LLC v City of New York (2019 NY Slip Op 00189)





Matter of Sysco Metro NY, LLC v City of New York


2019 NY Slip Op 00189


Decided on January 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Webber, Kahn, JJ.


101637/15 -8088 8087 8086

[*1]In re Sysco Metro NY, LLC, et al., Petitioners-Respondents-Appellants/Respondents
v
City of New York, et al., Respondents-Appellants-Respondents/Appellants.


Zachary W. Carter, Corporation Counsel, New York (Jeremy W. Shweder of counsel), for appellants-respondents/appellants.
Edelstein & Grossman, New York (Jonathan I. Edelstein of counsel), for respondents-appellants/respondents.



Order, Supreme Court, New York County (Lucy Billings, J.), entered September 26, 2017, which granted the petition to annul determinations by respondent New York City Department of Finance, Commercial Adjudication Unit, finding petitioner Sysco Metro NY, LLC guilty of violations on 1,019 summonses issued to tractors that describe their body types as anything other than "TRAC" or "tractor" and violations of a lift-gate rule on 367 summonses issued to tractors, direct respondents to remit all fines paid by petitioner in connection with these summonses, and enjoin respondents from finding petitioner guilty of the violations of any such summonses, to the extent of annulling the determinations as to the summonses issued to tractors that describe their body types as anything other than "TRAC" or "tractor," dismissing those summonses, directing respondents to remit all fines paid by petitioner in connection with those summonses, and enjoining respondents from finding petitioner guilty of violations on any summonses issued to tractors that describe their body types as anything other than "TRAC" or "tractor," and otherwise denied the petition and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs. Order, same court and Justice, entered September 26, 2017, which granted petitioners' motion to stay enforcement of judgments on summonses pursuant to the parties' stipulation, dated October 14, 2015, and applied the prior order to those summonses, unanimously affirmed, without costs. Order, same court and Justice, entered May 30, 2018, which, insofar as appealed from as limited by the briefs, granted petitioners' motion to amend the September 26, 2017 order, unanimously affirmed, without costs.
The court correctly found that summonses that failed to comply with the requirement to specify the correct body types of the relevant vehicles in accordance with Vehicle and Traffic Law (VTL) § 238(2) were improperly issued and must be dismissed (see Matter of Wheels, Inc. v Parking Violations Bur. of Dept. of Transp. of City of N.Y., 80 NY2d 1014, 1016 [1992]; see Matter of Nestle Waters N. Am., Inc. v City of New York, 121 AD3d 124, 130 [1st Dept 2014]). Given the holding of the Court of Appeals that "a misdescription of any of the five mandatory identification elements [set forth in VTL § 238(2)] . . . mandates dismissal" (Matter of Wheels, 80 NY2d at 1016), respondents' arguments that such a requirement is infeasible and that imprecise designations of body types may be upheld are unavailing.
The court correctly found that the summonses that charged violations of 34 RCNY 4-08(k)(7), which provides that commercial vehicles may not be parked on city streets and left unattended "with a platform lift set in a lowered position," properly specified tractors as the body types. The VTL distinguishes between "vehicles" (VTL § 159) and "motor vehicles" (VTL § [*2]125). A "trailer" is defined as a "vehicle" (VTL § 156), while a "tractor" is defined as a "motor vehicle" (VTL § 151-a). VTL § 238(2) requires a notice of violation to be served on the operator or owner of a "motor vehicle." Respondents rationally interpreted the statute to allow for a summons to be issued to the owner or operator of the tractor to which an offending trailer is attached (see Matter of Golf v New York State Dept. of Social Servs., 91 NY2d 656, 667 [1998]). Petitioners' interpretation would render the word "motor" in VTL § 238(2) superfluous (see Kimmel v State of New York, 29 NY3d 386, 393 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 10, 2019
CLERK