Matter of Mann v City of New York (2019 NY Slip Op 00228)





Matter of Mann v City of New York


2019 NY Slip Op 00228


Decided on January 15, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2019

Sweeny, J.P., Richter, Kapnick, Gesmer, Kern, JJ.


8101 100369/16

[*1]In re Steven Mann, Petitioner-Appellant,
v
The City of New York, Department of Finance, Parking Violations Bureau, Respondent-Respondent.


Steven Mann, appellant pro se.
Zachary W. Carter, Corporation Counsel, New York (Jason Anton of counsel) for respondent.



Judgment, Supreme Court, New York County (Lucy Billings, J.), entered April 17, 2018, denying the petition to annul the determination of respondent, dated December 22, 2015, which affirmed the determination of the Administrative Law Judge to uphold the subject notice of parking violation, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The determination to uphold the notice of violation was not arbitrary and capricious and was rationally based (see generally Matter of Nestle Waters N. Am., Inc. v City of New York, 121 AD3d 124, 127 [1st Dept 2014]). Petitioner argues that the notice of violation should have been dismissed because it misdescribed the place of occurrence, which is a required component of such a document (see Vehicle and Traffic Law § 238[2], [2-a][b]; 19 RCNY 39-02[a][1], [3]; Matter of Ryder Truck Rental v Parking Violations Bur. of Transp. Admin. of City of N.Y., 62 NY2d 667 [1984]; Matter of Wheels, Inc. v Parking Violations Bur. of Dept. of Transp. of City of N.Y., 80 NY2d 1014 [1992]). However, the notice of parking violation clearly described the place of occurrence as "Rockaway Park Mun Pkg Fld." Petitioner does not dispute that a parking lot exists by that name, or that he parked in that lot, and admits that the name is not sufficiently similar to the name of any other parking lot to cause confusion. Although the place of occurrence is not located within the precinct listed on the notice of violation, there is no statutory or regulatory requirement that a notice of violation identify the precinct in which the violation occurred (see Vehicle and Traffic Law § 238[2]; 19 RCNY 39-02[a][1]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 15, 2019
CLERK