| |
|---|
| **Matter of Croghan v Adams** |
| 2024 NY Slip Op 30008(U) |
| January 2, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 157449/2022 |
| Judge: Nancy M. Bannon |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:** <u>**HON. NANCY M. BANNON**</u><br>*Justice* | **PART** 42 |

-------------------------------------------------------------------------------X

In the Matter of the Application of

ROBERT CROGHAN, BRIAN PAUL, RICHARD BROOMS,
RUDY BOVELL, CHARLES BURGER, OLEG DYVYNSKY,
CHARLES FORONJY, SERGEY KOZYREV, JOHN
MALONE, JASON ROTHMAN, MICHAEL SANTORE,
JOSEPH VRANA, ROGER HOWARD, and NIKA JEAN

Petitioners,

For a Judgment Pursuant to CPLR Article 78,

- v -

ERIC L ADAMS, MELANIE WHINNERY, DAWN M
PINNOCK, YDANIS RODRIGUEZ, and RENEE CAMPION,

Respondents.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 157449/2022 |
| **MOTION DATE** | 05/31/2023 |
| **MOTION SEQ. NO.** | 001 |

**DECISION, ORDER
and JUDGMENT**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 13, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41

were read on this motion to/for <u>JUDGMENT - DECLARATORY</u>.

## I.      INTRODUCTION

In this proceeding pursuant to Article 78 of the CPLR, the petitioners, employees of the New York City Department of Transportation under the titles of Supervisor of Traffic Device Maintainers (STDM) Levels II and III, along with their union, seek judicial review of the decisions by the respondents, the City of New York and its relevant constituent agencies, to purportedly remove the titles of STDM II and III from the City's official list of "physically taxing" positions and to cancel salary deductions for the petitioners' additional early retirement pension contributions under the physically taxing title.  The petitioners seek, *inter alia*, a declaratory judgment that the respondents' actions were arbitrary and capricious and in violation of law, and an injunction requiring the respondents to (1) restore the titles of STDM II and III to the official list of physically taxing positions, (2) refrain from continuing to cancel the petitioners' additional physically taxing pension contributions, and (3) retroactively collect any additional physically taxing pension contributions that were not collected as a result of the respondents' challenged conduct.  For the reasons that follow, the petition is denied and the proceeding is dismissed.

**157449/2022   CROGHAN, ROBERT ET AL vs. ADAMS, ERIC L ET AL**
 **Motion No.  001**

Page 1 of 6

1 of 6

[* 1]

## II.    BACKGROUND

The petitioners are thirteen employees (Individual Petitioners) of the New York City Department of Transportation currently holding the titles of STDM II or III, and Robert Croghan, the Chairperson of the Organization of Staff Analysts (OSA), the union that represents City employees with the titles of STDM II and III.  Respondents Eric L. Adams, Melanie Whinnery, Dawn M. Pinnock, Ydanis Rodriguez, and Renee Campion are, respectively, the Mayor of the City of New York, Executive Director of the Employee Retirement System (NYCERS), Commissioner of the Department of Citywide Administrative Services (DCAS), Commissioner of the Department of Transportation (DOT), and the Commissioner of the Mayor's Office of Labor Relations (OLR).

The OLR Commissioner is, among other things, responsible for maintaining the "Official List of Physically Taxing Positions" (the Official List), a list of municipal civil service positions that qualify for early retirement at the age of fifty after twenty-five years of service pursuant to Section 604-d(d)(2) of the Retirement and Social Security Law (RSSL).  The pension fund for this early retirement program is administered by NYCERS, which deducts required contributions from enrollees' salaries.  The Official List was last updated in 2005.

Prior to 2012, the position of STDM did not have differentiated assignment levels. Employees with the title of STDM were eligible for promotion to the positions of Supervising Superintendent of Maintenance (SSM) Level I, and from there to SSM Level II.  The STDM position was considered physically taxing and was included on the Official List.  The positions of SSM I and II were not considered physically taxing and were not included on the Official List.

In January 2012, DCAS issued a Resolution eliminating the titles of SSM I and SSM II and reclassifying those positions under the STDM title, which was broad-banded into three assignment levels.  As set forth in the Resolution's Table of Equivalencies, the formerly singular role of STDM was reclassified as STDM I, and SSM I and SSM II were reclassified as STDM II and STDM III, respectively.  The Resolution expressly stated that all persons already employed under the title of STDM, SSM I, or SSM II would be reclassified into the equivalent new STDM I, II, or III title "without further examination, *with no change in duties or status* and at the same salaries they are presently receiving" (emphasis added).  DCAS also promulgated a statement of duties and responsibilities for the newly reclassified STDM I, II, and III positions.  Notably, the

**157449/2022   CROGHAN, ROBERT ET AL vs. ADAMS, ERIC L ET AL**
**Motion No.  001**

**Page 2 of 6**

2 of 6

duties and responsibilities for the STDM II and III positions were essentially identical, nearly to the word, with the duties and responsibilities of the now-eliminated SSM I and II titles.

The Resolution's Table of Equivalencies indicated a title code of 90904 for all three reclassified STDM assignment levels, which had previously been used only for the STDM role but not the SSM I and II positions (these were designated by title code 91350). However, the City's March 2012 motion for amendment of OSA's bargaining unit certification to include the new STDM II and III roles indicated that these positions would have an alternate title code of 9090A. Indeed, the City's submissions demonstrate that, unlike the STDM I role, which continues to be designated under title code 90904, the STDM II and III positions are designated in the City's payroll system under title code 9090A.

At some point after the 2012 reclassification, the Individual Petitioners, who previously held the position of STDM I, accepted promotions to the positions of STDM II or III. From the time they were designated as STDM I, and continuing into their new roles, NYCERS deducted additional contributions for physically taxing service retirement from their salaries.

In January 2022, petitioner Brian Paul, who was employed in the role of STDM III, reached out to NYCERS to ask why it was deducting additional contributions from his salary for the physically taxing service retirement program given his understanding that his role as an STDM III was not considered physically taxing. After examining its files, NYCERS determined that STDM III was not on the Official List and canceled petitioner Paul's deductions for the program as of the next payroll date. Thereafter, NYCERS determined that there were additional DOT employees designated STDM II or III for whom physically taxing deductions were also being wrongfully made. As a result, in May 2022, NYCERS cancelled the physically taxing service deductions for the rest of the Individual Petitioners. Thereafter, in response to an inquiry from OSA regarding the status of the physically taxing classification for the STDM II and III roles, an OLR Assistant Commissioner clarified that the STDM II and III positions, title code 9090A, are not on the Official List, and that the previous SSM I and II designations for these roles were likewise never included on the Official List.

The petitioners thereafter commenced this Article 78 proceeding. The petitioners claim that the respondents acted arbitrarily and capriciously and in violation of law when they purportedly removed the titles of STDM II and III from the Official List, failed to provide OSA statutorily required notice of their proposed action to remove the STDM II and III titles from the

157449/2022   CROGHAN, ROBERT ET AL vs. ADAMS, ERIC L ET AL                    Page 3 of 6
Motion No.  001

3 of 6

[* 3]

Official List, and cancelled the Individual Petitioners' physically taxing service contributions to the NYCERS retirement system. The respondents contend that the titles of STDM II and III were never included on the Official List in the first instance; that the deduction of physically taxing service contributions from the salaries of the Individual Petitioners after their promotion to STDM II or III was an administrative error; and that the cancellation of the Individual Petitioners' physically taxing service contributions was a statutorily required correction of said error.

### III. LEGAL STANDARD

"In reviewing an administrative agency determination, [courts] must ascertain whether there is a rational basis for the action in question or whether it is arbitrary and capricious." Matter of Peckham v Calogero, 12 NY3d 424, 431 (2009); see Matter of Nestle Waters N. Am., Inc. v City of NY, 121 AD3d 124, 127 (1st Dept. 2014). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts." Matter of Peckham v Calogero, 12 NY3d 424, 431 (2009). "Ordinarily, courts will defer to construction given statutes and regulations by the agencies responsible for their administration, if said construction is not irrational or unreasonable." Minton v Domb, 63 AD2d 36, 39 (1st Dept. 1978). "If a determination is rational it must be sustained even if the court concludes that another result would also have been rational." Adirondack Wild: Friends of the Forest Preserve v New York State Adirondack Park Agency, 34 NY3d 184, 195 (2019). "The petitioner has the burden of establishing that the actions of the agency were arbitrary and capricious." Royal Realty Co. v New York State Div. of Hous. and Community Renewal, 161 AD2d 404, 405 (1st Dept. 1990).

### IV. DISCUSSION

In support of the petition, the petitioners submit, *inter alia*, the 2012 DCAS Resolution; DCAS's job description page for the STDM I, II, and III roles; the City's motion for amendment of OSA's bargaining unit certification; a copy of the Official List; an August 2013 NYCERS bulletin containing a copy of the Official List; the deduction cancellation letter sent by NYCERS to the Individual Petitioners; and the email to OSA from the Assistant Commissioner of the OLR.

In opposition, the respondents submit the affidavit of Brian Geller, Assistant Commissioner of the OLR, who avers that: the roles of STDM II and III remained non-physically taxing after their reclassification from the SSM I and II titles; the title code for these positions is 9090A; neither of these positions is included on the Official List; and, because the Official List has not been updated since 2005, the inclusion of the STDM position (without reference to any

**157449/2022 CROGHAN, ROBERT ET AL vs. ADAMS, ERIC L ET AL**
**Motion No. 001**

**Page 4 of 6**

4 of 6

[* 4]

assignment levels) on the Official List is merely a vestige from before the conversion of SSM I and II to STDM II and III, and should therefore be understood to refer exclusively to the STDM I position, the equivalent of the pre-2012 STDM role. The respondents also submit the affidavit of Onika Williams, Deputy Director of Membership and Service of NYCERS, who avers that NYCERS stopped deductions from the Individual Petitioners' salaries after verifying that Title Code 9090A was not on the Official List, and the affidavit of Jesus Bermudez, Jr., an employee of the DOT, who avers that: he was promoted from STDM to SSM I, before the 2012 reclassification of these titles, and understood that the SSM I role was not considered physically taxing and was not on the Official List; that when his SSM I role was subsequently reclassified to STDM II he understood that his role retained its non-physically taxing status; and that it was common knowledge among DOT employees that a promotion from STDM I to STDM II or III came with the loss of physically taxing service status for purposes of the physically taxing retirement program. The respondents also submit a DCAS job description for the pre-2012 SSM I and II roles; copies of the Official List from 1995, 1998, and 2005; a NYCERS call log of petitioner Paul's call to inquire about his salary deduction, in which he stated that deductions were being taken from his salary even though he was no longer under a physically taxing title; and screenshots of the "job" tab in petitioner Paul's profile in the City's payroll system, showing that when he was an STDM I, his title code was 90904, but once he was promoted to STDM III, his title code was 9090A.

Based on the above submissions, the court finds that the petitioners fail to establish that the respondents acted arbitrarily or capriciously or in error of law in purportedly removing the STDM II and III titles from the Official List or in canceling the Individual Petitioners' contributions to the physically taxing retirement program. See Matter of Peckham v Calogero, supra. The Official List does not include the titles of STDM II or III, nor does it include title code 9090A. Moreover, it is clear that the 2012 reclassification of the SSM I and II roles, which were not considered physically taxing and were never included on the Official List, into the STDM II and III titles, did not substantively alter these jobs such as to convert them into physically taxing positions. Indeed, the job descriptions for the STDM II and III positions are substantively identical to those of the SSM I and II roles, and the 2012 DCAS Resolution expressly states that the reclassification of these roles entailed no change in duties or status. Plainly, then, the inclusion of the STDM position (without reference to any assignment levels) on the Official List, which was last updated in 2005, is merely a vestige from before the 2012 reclassification, and

**157449/2022   CROGHAN, ROBERT ET AL vs. ADAMS, ERIC L ET AL**                    **Page 5 of 6**
**Motion No.  001**

[* 5]

5 of 6

must therefore be understood to refer exclusively to the STDM I position, the equivalent of the pre-2012 STDM role.

The court thus finds that the STDM II and III titles, which from their inception were not considered physically taxing, were never included on the Official List in the first instance; and the respondents therefore did not remove these positions from the Official List, let alone do so in a manner that was arbitrary and capricious or in violation of law. So too, the respondents did not fail to provide OSA statutorily required notice of their proposed action to remove the STDM II and III titles from the Official List, because no such removal occurred. And, because the STDM II and III titles were never included on the Official List, the court further finds that NYCERS did not act arbitrarily or capriciously or in error of law in removing the Individual Petitioners from the physically taxing retirement program. Indeed, NYCERS not only acted rationally in cancelling the Individual Petitioners' salary deductions for physically taxing service after learning of their promotions into the non-physically taxing STDM II and III roles; it was statutorily required to do so to correct its administrative error. See New York City Administrative Code § 13-182.

The court has considered and rejected the petitioners' remaining contentions.

V.      CONCLUSION

Accordingly, and upon the foregoing papers, it is

ORDERED and ADJUDGED that the petition is denied, and the proceeding is dismissed, and it is further

ORDERED that the Clerk of the court shall enter the judgment accordingly.

This constitutes the Decision and Order of the court.

_____
NANCY M. BANNON, J.S.C.
**HON. NANCY M. BANNON**

__1/2/2024__
**DATE**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157449/2022   CROGHAN, ROBERT ET AL vs. ADAMS, ERIC L ET AL**
**Motion No.  001**

**Page 6 of 6**

[* 6]