Matter of Bertault v Zoning Bd. of Appeals of Town of Southold (2026 NY Slip Op 01057)

Matter of Bertault v Zoning Bd. of Appeals of Town of Southold

2026 NY Slip Op 01057

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-05107
 (Index No. 609029/22)

[*1]In the Matter of Vincent Bertault, appellant,
vZoning Board of Appeals of Town of Southold, respondent.

Wickham, Bressler & Geasa, P.C., Mattituck, NY (Eric J. Bressler of counsel), for appellant.
Sokoloff Stern LLP, Carle Place, NY (Annmarie S. Jones and Marissa Embola of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of Town of Southold dated April 8, 2022, which, after a hearing, confirmed a stop work order issued in connection with construction on the petitioner's property, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Christopher Modelewski, J.), dated March 7, 2024. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner is the owner of certain real property located in a historic residential district in the Town of Southold. In 2014, the Zoning Board of Appeals of Town of Southold (hereinafter the ZBA) granted the petitioner an area variance permitting him to relocate a historic barn from an existing nonconforming front yard location to a new nonconforming front yard location on his property (hereinafter the barn relocation project). The petitioner also obtained a certificate of appropriateness from the Town Historic Preservation Commission (hereinafter the HPC) for the barn relocation project, as well as a building permit to perform the work in conformance with the certificate of appropriateness and ZBA approvals.
On August 24, 2021, a Senior Building Inspector (hereinafter the Building Inspector) from the Building Department of Town of Southold (hereinafter the Building Department) issued a written stop work order (hereinafter the SWO) pertaining to the barn relocation project. The SWO explained that the work being performed had exceeded the scope of the building permit and that the work could only resume after the ZBA and the Building Department issued approvals for all changes. The petitioner appealed the SWO to the ZBA, which held a hearing over two days and a special meeting, at which it received oral and written comments and evidence from, among others, the Building Inspector, the petitioner's architect, and the petitioner's attorney. The Building Inspector explained his reasoning in issuing the SWO orally and in writing. The petitioner submitted architectural drawings representing the "as built" condition of the barn and argued that the work conformed to the approved plans and was generally approved by the Building Department. The ZBA [*2]also received letters from the HPC asserting that the relocated barn was not in compliance with the certificate of appropriateness that it had issued. In a determination dated April 8, 2022, the ZBA confirmed the SWO.
The petitioner commenced this CPLR article 78 proceeding to review the ZBA's determination confirming the SWO. In a judgment dated March 7, 2024, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
A local zoning board has broad discretion in rendering a determination on matters within its jurisdiction and judicial review is limited to determining whether the action taken by the board was rational and not affected by an error of law, arbitrary and capricious, or an abuse of discretion (see CPLR 7803[3]; Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613; Matter of Sasso v Osgood, 86 NY2d 374, 384). A ZBA determination is rational if it has some objective factual basis (see Matter of Gibson v Commissioner of N.Y. State Dept. of Motor Vehs., 223 AD3d 667, 668; Matter of 153 Mulford Assoc., LLC v Zoning Bd. of Appeals of the Town of E. Hampton, 205 AD3d 1019, 1022).
Here, the ZBA's determination confirming the SWO had an objective factual basis in the record and, thus, was not arbitrary and capricious. Among other things, the ZBA rationally concluded, based upon the evidence submitted to it, that the as built drawings materially differed from the plans previously approved by it and the HPC in that the roof line of the barn had been altered and the overall as-built height of the barn exceeded the height restrictions for accessory structures. The ZBA's interpretation of the zoning code provisions relating to the content requirements for stop work orders and its determination that the SWO issued herein complied with those provisions were reasonable and not arbitrary and capricious (see Matter of Henderson v Zoning Bd. of Appeals, 72 AD3d 684, 686). Contrary to the petitioner's contention, he received due process of law in connection with the issuance of the SWO (see Matter of Hamil Stratten Props., LLC v New York State Dept. of Envtl. Conservation, 79 AD3d 747, 749; Matter of Estate of Kadin v Bennett, 163 AD2d 310).
Accordingly, we affirm the judgment.
In light of our determination, we need not reach the petitioner's remaining contentions.
IANNACCI, J.P., CHAMBERS, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court